Parker C. J.
It is with great regret, and not without much labor and research to avoid this result, that we are obliged to arrest the judgment in this case for want of a sufficient count to support the verdict. If any one could be supported there would be no difficulty in applying the verdict to it, since we are informed by the judge, and the nature of the case shows, that the same evidence would suit equally well all the counts in the writ. The words for which the action was brought, as described in the several counts, are substantially the same.
The first count only charges the defendant with having said that the plaintiff had burnt his own store in Alford. The words are introduced with a colloquium “ of and concerning the plaintiff and of and concerning a certain store of the plaintiff’s, situated m said Alford, before that time, to wit, on the sixth day of December last past, consumed by fire,” and alleges that the defendant did speak, utter and publish the following false, scandalous and malicious words of and concerning the plaintiff, viz. He (meaning the plaintiff) burnt it (meaning the plaintiff’s store in Alford aforesaid) himself (again meaning the plaintiff) ; and further meaning and insinuating by the several words aforesaid, that the plaintiff had been guilty of the crime of wilfully and maliciously burning his own store in Alford aforesaid.” Now these words are not actionable, unless it is a crime punishable by law for a man to destroy by fire his own property ; and we cannot find that, either by the common law, or by any statute of this commonwealth, such an act, unaccompanied by an injury to, or by a design to injure, some other person, is criminal; and although it is alleged , by the innuendo, that the defendant meant and intended to charge the plaintiff with having done *346 this act wilfully and maliciously, yet the words do not therebj acquire any force or meaning which they had not in themselves, the office of an innuendo being only to make more plain what is contained in the words themselves as spoken, not to enlarge or extend their meaning or give them a sense which they do not bear when taken by themselves without the aid of an innuendo. The words spoken, as stated in this count, are simply, “He burnt it.” These words are innocent in themselves, though they may have a defamatory meaning, if they relate to any subject the burning of which is unlawful. In order to give them that character, that they may be ac-tionable, the plaintiff should have set forth in a colloquium the circumstances which would render such a burning unlawful, or by an averment in the preceding part of his count, without the form of a colloquium, and then should have averred that the words spoken were of and concerning those circumstances. Thus, if goods belonging to another person were in the store, or if goods belonging to the plaintiff had been insured, it should have been averred that such was the case, and that the words spoken related to a store with such goods in it. But there is nothing in the count which indicates that any goods were in the store, or that any damage had happened or was designed towards any one but the plaintiff himself so that the whole accusation against him, as represented in this count, is that he wilfully and maliciously burnt his own store.[1]
The second count is equally defective. The words as stated in the count, without the innuendoes, are, “ There is no doubt in my mind that he burnt it; he would not have got his goods insured if he had not meant to burn it.” These words, without a colloquium, or some averment in the count to which they may be referred, are wholly senseless. They are alleged to have been spoken of and concerning the plaintiff, but that alone does not make them more intelligible ; and there is nothing in the count to show what it is that was burnt, whether a dwellinghouse, ship or store, or whether any goods *347 were actually insured or not. But as in the innuendo in this count the defendant is stated to have meant “ the plaintiff’s store aforesaid,” this count may be helped by referring to the colloquium in the first count, so that the charge may be taken to be, that the plaintiff had burnt his own store in Alford, which had before that time been consumed by fire. This however leaves the second count in the same predicament with the first, except that the words are, “there is no doubt in my mind that he burnt it,” instead of the more direct charge, “ He burnt it.” There is here no charge of any crime or offence, there being no prohibition in the law against a man’s burning his own store, if no one be injured or endangered thereby. It is however further added in this count, that in connexion with the words, “ There is no doubt in my mind he burnt it,” the defendant said, “ He would not have got his goods insured if he had not meant to burn it.” Had there been any colloquium in this or the preceding count, relative to goods in the store which had been insured, the action might have been saved on this count; but there is no such colloquium. ' The count therefore, with the aid of the colloquium, stands thus ; “ There is no doubt in my mind that he burnt his store in Alford, he would not have got his goods insured if he had not meant to burn it.” What goods ? may be asked ; and where were they ? No answer can be given from the declaration, and therefore there is nothing to show that the burning the store, if the charge was true, was criminal. The innuendo, it is true, makes the application of these words, by stating that the defendant meant thereby certain goods which the plaintiff had previously procured to be insured, and which were lodged in the said store ; but the difficulty is, that this matter is not proper to be alleged by an innuendo, the office or use of which, according to all the authorities, is not to enlarge or add any thing to, but to make more clear by explanation, the sense of words averred to have been spoken.[1]
*348 There is, no doubt, much artificial reasoning on this suoject in the books ; and judicial opinions as to the actionable nature of words and the manner of construing them, have varied in different times. At one time, before the period of Lord Holt, words were to be taken in mitiori sensu; after-wards, in malam partem, where the sense would bear it. And this was said to be, because men were litigious in the first period, and the court thought proper to discourage actions for slander ; and in the second, because men’s tongues were ill governed, and it was proper and necessary to restrain them. Distinguenda sunt témpora, said one of the judges. 1 Mod. Entries, 250. Twisden, an eminent judge, had said, according to Lord Holt, “ He knew no rule to go by in actions for words ; ” and Gould J. says that Lord Hale had said the same thing, adding, that all words stand on a different bottom. Holt said it was “ not worth while to be very learned on this point, but where words tend to slander a man and take away his reputation, he shall be for supporting actions for them, because it tends to procure the peace.” He speaks of contradictory decisions and says he “ will stick to the latter authorities, they being grounded on so much reason.” Baker v. Pierce, 2 Ld. Raym. 960.
Out of the conflicting opinions of the two periods before spoken of, during one of which the decisions took their cast from the desire of discouraging, and during the other, of encouraging such suits, has grown the modem doctrine, which being more just and reasonable, it is to be hoped will be more stable, namely, that words alleged to be defamatory shall be taken in their natural sense and meaning, and shall not be distorted to support any particular system, preserving the old rule, that words spoken, to be actionable, must im-. port in themselves a charge of some punishable offence,[1] or an imputation of some disgraceful disease, or be spoken in relation to some trade or occupation in which the party slandered is injured.
But the form of declaring in such actions appears not tc *349 have fluctuated, as the mode of construing the words has done. The words must be averred to have been spoken of and concerning the plaintiff., and of his trade, profession or occupation, if he is slandered in those respects, and where the words standing by themselves have no sense or meaning, but with reference to some particular subject are slanderous, there must be a colloquium or averment, setting forth that subject, and an apt reference to it, showing that the words spoken were of and concerning it. Examples are too numerous in the books of pleading to make it necessary to quote any of them here.
The case of Rex v. Horne, decided in the House of Lords, as reported in Cowper, 672, has settled the doctrine ; and the opinion of all the judges as delivered by Lord Chief Justice De Grey, was calculated, by its sound sense and able commentary upon technical rules, to put at rest all questions upon the subject in England. He says, “ As to the matter to be charged, whatever circumstances are necessary to constitute the crime imputed, must be set out ; and all beyond are surplusage ” “ Where the circumstances go to constitute a crime they must be set out.” “ Where the crime is a crime independently of such circumstances, they may aggravate, but do not contribute to make the offence.” “ If the terms of a writing are general, or ironical, or spoken by way of allusion or reference, although every man who reads such a writing, may put the same construction upon it, it is by understanding something not expressed in direct words ; and it being a matter of crime, and the party liable to be punished for it, there wants something more. It ought to receive a judicial sense, whether the application is just; and the fact, or the nature of the fact, on which that depends, is to be determined by a jury. But a jury cannot take cognizance of it, unless it appears upon the record ; which it cannot do without an averment.” [1]
This is certainly giving a very sensible and intelligible reason for the use of colloquiums in actions for slander, for *350 the same doctrine is undoubtedly applicable to actions for words, as to actions or indictments for libels. It is founded upon the necessity of certainty in the declaration, and that is one of the first requisites in pleading.
With respect to the manner of putting upon the record those facts and circumstances which tend to render the words actionable, the same great judge says, it must be by averments in opposition to argument and inference, by way of introduction, if it is new matter, and by way of innuendo, if it is only matter of explanation, for an innuendo means nothing more than the words, “ id est” “ scilicet,” or “ meaning,” or “ aforesaid,” as explanatory of a subject matter sufficiently expressed before ; as such a one, meaning the defendant, or such a subject, meaning the subject in question. He then refers to Barham’s case, in Coke, which is cited in all the books in illustration of this doctrine. “ He has burnt my barn, meaning a barn full of corn.” This is bad, because what comes in under the innuendo is an addition to, and not ail explanation of the words spoken ; though had there been in a preceding count referred to in this, a colloquium respecting the plaintiff’s barn, full of corn, which had been burnt, the innuendo, by reference to the colloquium, would have been holden good. Vid. Tindall v. Moore, 2 Wils. 114. This case of Barham v. Nethersall, is better reported in Yelverton, 22, where it is said, “ if the words before the innuendo do not sound in slander, no words produced by the innuendo will make the action maintainable ; for it is not the nature of an innuendo to beget an action.”
Now let the second count in the declaration be tried by these principles. It is very clear, as before stated, that without the innuendo there is not sufficient matter- averred. The words are, as aided by the colloquium in the first count, “ There is no doubt in my mind that he burnt his store in Alford ; he would not have got his goods insured if he had not meant to burn it.” This amounts to a direct charge of his having burnt the store, and an insinuation of a motive ; but still it imports no crime unless the goods were in the store, or unless the plaintiff meant to avail himself of his insurrmce by defrauding the underwriters by means of the fire *351 It ought to appear somewhere in the shape of an averment of some kind, and not by argument or inference, that goods in the store, or connected with it, were insured. This does nowhere appear except in the innuendo. The words of that are, “ Meaning goods which the plaintiff had caused to be insured and which were lodged in said store.” Is this new matter added to the .words, or is it merely an explanation of their sense ? Clearly the former, because the words contained in the count are not capable of such a construction by themselves. The matter in the innuendo is a new fact not appearing before in any shape. The count contains an insinuation only ; and it is not possible, by any mode of reasoning, to infer from any thing contained in it, as a fact, that the plaintiff had goods in his store which were insured.
The general counts are decidedly bad, for they contain nothing more than the allegation, that the defendant said of the plaintiff, he had burnt his own store ; which, for the reason before given, is not actionable.
The judgment must therefore be arrested. If the plaintiff has suffered a serious injury, another “ action may give him indemnity. In a matter of technical law, the rule is of more consequence than the reason of it ; and however we may lament the lost labor and expense of the suit, we find ourselves wholly unable to prevent it.

Judgment arrested.

 See Stark. on Slander (Amer. ed.) 10, note (3), and cases there collected Commonwealth v. Child, 13 Pick. 198

 Van Ness J. in Van Vechten v. Hopkins, 5 Johns. R. 220 ; Tilghman C. J. in Shaffer v. Kintzer, 1 Binn. 541. See Holt v. Scholefield, 6 T. R. 691 ; Stone v. Converse, 4 Conn. R. 18 ; Shely v. Biggs, 2 Harr. & Johns. 363 ; Cave v. Shelon. 2 Munf. 193 ; Thomas v. Axworth, Hob. 2, n. (1).

 Miller v. Parish, 8 Pick. 384 ; Woodbury v. Thompson, 2 N. Hamp. R. 194 ; Frisbie v. Fowler, 2 Conn. R. 707 ; Jones v. Hungerford, 4 Gill & Johns. 402.

 Caldwell v. Abbey, Hardin, 530 ; Thomas v. Croswell, 7 Johns. R. 271 ; M'Clurg v. Ross, 5 Binn. 218 ; Rex v. Alderton, Sayer, 280 ; Rex v. Marsden, 4 Maule & Sel. 168.