## BAKER *v.* RAILROAD.

### (*Nashville.* January 19, 1901.)

1. MASTER AND SERVANT. *Master not liable for injury to another's servant, when.*

   Action against railroad company by servant of an ice company to recover for an injury sustained by a fall in icing a refrigerator car for and on the premises of the railroad company pursuant to contract between the two companies. · The plaintiff avers that the railroad company failed and refused to place the car at a derrick erected by the ice company, the usual place for icing cars, and thereby necessitated the adoption of a more dangerous method of icing it, to wit, by climbing upon the car and pulling up the ice by hand, but fails to state that the railroad company was under any legal obligation to so place the car. He further avers that the car stood upon an uneven track that caused it to careen, but does not aver any improper construction of the track or the extent of its unevenness, or that it was out of repair. He further avers that the car, unknown to him, and, as it was dark, undiscoverable by him, was covered with snow and ice, carried from a distant point, but this danger was clearly open and apparent. · *Held:* The railroad company is not liable, upon these averments, to the servant of the ice company for injury sustained in falling from the car while engaged in icing it. (*Post, pp. 491–500.*)

2. DECLARATION. *Amendment.*

   An amended declaration can derive no aid from the averments contained in the original declaration and amendments thereto, when it purports to cover their entire scope, without embodying or adopting same, and makes additional averments. (*Post, pp. 500–502.*)

   Cases cited: Railroad *v.* House, 104 Tenn., 110; State *v.* Lea, 1 Cold., 178.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

Baker *v.* Railroad.

WASHINGTON, ALLEN & RAINS for Baker.

SMITH & MADDIN for Terminal Co.

EAST & FOGG and CLAUDE WALLER and J. D. B. DeBow for Railroad.

McALISTER, J. Plaintiff brought this suit to recover damages for personal injuries. Demurrers were filed by each of the defendants, and were sustained by the Court, and leave granted to amend declaration. A voluntary nonsuit was taken as to Louisville & Nashville Railroad Company. Two amended counts were then filed. Demurrers to these amended counts were also sustained, and plaintiff's suit was dismissed. Plaintiff appealed and assigns as error the action of the Court on the demurrers.

The last amended declaration embraces all the features contained in the original and first amended declarations with additional allegations. It is therefore only necessary to consider that count, and the demurrers interposed thereto, to reach the real merits of the controversy and a correct judgment thereon. The amended declaration was, viz.:

"Defendants were common carriers, and shipped large amounts of fresh meats, requiring ice in their cars, which was placed therein by opening the top of the cars and letting down blocks of about one hundred pounds.

"The defendant had a contract with the ice

company to do the work, and plaintiff had for a long time been employed by the ice company, and did this work for it in the yards of the railroad company.

"That in doing the work it was necessary for plaintiff to go on defendant's premises, and upon its tracks and cars, and it had been his custom to go on their premises and ice the cars at a derrick provided for that purpose. And with the derrick the work could be done in safety.

"At the time of the injuries defendants expressly invited plaintiff on their premises to ice a car, on February 25, 1900, and that defendant negligently failed and refused to place the car, which they had invited plaintiff to ice, at the derrick, but placed it on a curved track on an incline, which caused the car to careen.

"It was night, and the car had just gotten into the yards from the north.

"Plaintiff asked the defendants to place the car at the derrick, but defendants refused, and invited plaintiff to ice it at said remote point, saying it should be iced there and nowhere else.

"In icing it away from the derrick the ice had to be drawn up by hand, by rope and hooks, and plaintiff had to go on top of the car, and the work was accompanied by dangers which the use of the derrick would have obviated.

"It was accompanied by hidden dangers which

were known to defendants and not known by plaintiff.

"By reason of the darkness plaintiff did not know the car was on a curve or incline, and did not know, or have any means of knowing, that the car brought with it upon the roof, from distant point, ice and snow, which made it extra hazardous to ice it by hand.

"The invitation of defendant to ice this car away from the derrick led the plaintiff to believe, and he did believe, the work could be done with safety, and that the place was safe, the defendants and their servants knowing that, by reason of the darkness, plaintiff could not, by the exercise of ordinary care, observe the dangers of the situation, and the dangers of icing said car by hand at that time and place.

"That on said date and place the defendant negligently failed to warn him of the fact that the car was on an incline, and was covered with ice and snow, and these facts not being open to observation, and while plaintiff was upon the car, and in the exercise of ordinary care, and by reason of the ice and snow on top of the car, and by reason of the car being careened on the curve, he slipped and fell upon and from the roof of the car to the ground," etc.

This declaration does not set out any duty or contract on part of defendant to put the car to

be iced at any particular place or at any derrick.

The demurrer of both defendants, in substance, is as follows:

1. The declaration shows that plaintiff was in the employ of the ice company, and was undertaking to fill a car with ice, by virtue of his contract of employment with the ice company, when he was injured.

The declaration fails to show that defendants, or their officers or agents, had any authority to direct plaintiff to go into any dangerous position, or that the plaintiff was under any contract of employment with defendants, by which there was any duty imposed on him to obey such orders, if any had been given him by it or its agents. The declaration simply alleges that this defendant requested plaintiff to ice a certain car when it arrived in Nashville, and when it arrived plaintiff requested defendant's servants to place the car at a derrick, which defendant refused to do, but placed it at a less convenient point, and that while he was undertaking to fill the cars with ice at the inconvenient place he was injured.

The declaration fails to show the violation of any legal duty which defendants owed plaintiff, and a violation of which caused the injury to him.

2. The declaration shows that plaintiff was not an employee of these defendants, but was an em-

ployee of the ice company, and that in attempting to fill a certain car with ice he was acting as an employee of that company.

The only allegation of negligence is that the defendants failed to put the cars at a convenient place for icing them.

There was no duty imposed upon these defendants by the common or statutory law to place the cars at any particular place.

Any duty which was imposed upon them in this respect arose out of their legal contract with the ice company, and such duty, if it existed, was for the benefit of that company, for a breach of which that company would have had its action for damages for breach of contract.

3. The declaration shows that plaintiff voluntarily undertook to ice the car in the position in which it had been placed, without any orders from the defendant or its agents or officers having control or authority over him, and it therefore seems that in undertaking to do this work he assumed all the risks and dangers incident to its performance.

4. The declaration shows that the only danger incident to the performance of this work was that the snow and ice were upon the car, which was careened and steeper upon one side than upon the other, on account of which the plaintiff slipped and fell.

The declaration fails to show that there were

any hidden or unseen dangers, or what they were if any, or that they caused or contributed to the injury, and does show that the dangers were as obvious to the plaintiff as to anyone else, and that it required no expert knowledge to detect them.

The plaintiff, in law, assumed all of the risks obvious to him when he undertook to put ice in this car while it was covered with snow and sleet and careened so as to make one side of the roof higher than the other.

A condensed statement of the case made in the declaration is that the Nashville Ice Company was under a contract with the defendants to ice their refrigerator cars. The plaintiff, Baker, who sustained the injuries, was an employee of the ice company, and not of the defendants. It had been customary to ice the cars at a derrick, by means of which the ice could be elevated to the top of the car and deposited therein. The car in question was not placed at the derrick, but was left on an inclined and curved track. The company's servants declined to station the car at the derrick. The plaintiff undertook to ice the car by stationing himself on top of the car and pulling the ice up by hand with the aid of ropes and hooks. It appears that the roof of the car was covered with ice and snow, and as the plaintiff attempted to pull the ice up, he

slipped and fell from the car, sustaining very serious personal injuries.

The theory of plaintiff's counsel is that plaintiff was upon the defendants' premises for the purpose of transacting business upon an implied invitation, and that the injury was occasioned by reason of defects on defendants' premises. The rule invoked by counsel is thus stated by Mr. Wood in his work on Master and Servant, Sec. 337, viz.: "Although a contractee is not in general liable to the employees of the contractor for injuries resulting to them while engaged in his work under the contract of such contractors, yet if the work is done on his premises he is bound by the same legal obligation that exists, as between him and his immediate servants, to keep them in a suitable and safe condition, and is liable to any of the servants of such contractor for injuries resulting to them from defects therein, not under a contract obligation, but arising from the duty he owes to each of the employees arising out of his obligation to provide such appliances, and this duty extends to keeping the premises upon which the servants of the contractor are at work in a reasonably safe condition, whether the contract provides therefor or not." Mechem on Agency, Sec. 166, note, page 492.

Counsel for plaintiff especially rely upon the case of *Corghtry* v. *Glove Woolen Co.*, 56 N.

22 P—32

Y. (S. C., 15 Am. Rep., 187). In that case it appeared that plaintiff's intestate was in the employ of some carpenters who contracted with defendants to put a cornice on their mill, and the defendants were to provide all scaffolds required for the purpose. The deceased, while engaged in the work, was killed by the fall of a scaffold built by the defendants for the use of the workmen. In an action to recover damages the plaintiff was nonsuited in the lower Court upon the ground that the defendant owed no duty to the deceased, but this was reversed by the Court of Appeals upon the ground that the scaffold being erected by the defendant upon his own premises for the express purpose of accommodating the workmen, a duty was thereby imposed upon the defendant to use proper diligence in constructing and maintaining the structure, and that this duty existed independently of the contract, and this is the rule applicable to every person who can be said to have come upon the master's premises by his invitation, and not in the character of a mere licensee, whether or not such person be a stranger to the owner. Mr. Wood, in commenting on this case, says that the rule must be understood as applying only in cases where the contractee owes a duty to the contractor's servants, and is limited to cases of defects in his premises. Applying the rule thus laid down to the facts of this case, it must be conceded that the plaintiff was upon the

defendants' premises by an implied invitation, and not in the character of a mere licensee. But there was no breach of any duty which defendant owed the plaintiff as the servant of the ice company, an independent contractor. The company had not agreed to furnish any particular appliances or machinery for the accommodation of the workmen of the contractor in hoisting the ice into the top of the car, nor was the injury caused by any neglect in constructing and maintaining the appliances, like the insufficient scaffolding in *Corghtry* v. *Glove Woolen Co.* If, for instance, it had appeared in this case that defendants had agreed to furnish a derrick for the use of the contractor's servants in loading the ice into the car, and the injury to plaintiff had been caused by the falling of the derrick, owing to its insufficient construction, plaintiff's right of action would be sustained by the case cited of *Corghtry* v. *Glove Woolen Co.* But it does not appear from the face of the declaration that defendants had agreed to do anything for the benefit of the contractor's servants. Hence the sole inquiry is whether the premises of defendants, where the plaintiff was impliedly invited to work, were in a reasonably safe condition. In order to warrant a recovery under this rule, it must be alleged that the injury was caused by defects in the premises, and the facts constituting the particular defect complained of must be set out. It is alleged

that the refrigerator car required to be iced in this case was stopped on a curved or inclined track, but it is not alleged that this track was out of repair or improperly constructed or otherwise defective, except that it was curved and inclined. The angle of inclination is not even stated, so that the Court can see that the track was dangerous. Plaintiff could not be heard to complain of the original construction of the track, since the company would have the right to build it in a manner best suited to its business.

The other allegation is that plaintiff did not know of the snow and ice being on said car, which defendants had negligently allowed to be there, and failed to warn plaintiff against the danger. This was a danger that was open and obvious to plaintiff the moment he climbed upon the car, and having assumed the risk of icing the car under such conditions, he cannot be heard now to complain. In addition to this, we are of opinion that snow and ice on the roof of a car is not such a defect in the premises as the law contemplates in fixing the rule of liability to one there by implied invitation.

Another ground of recovery alleged is that it was the duty of defendants to have all cars needing ice placed at the derrick to be iced, and that defendants were guilty of a breach of this duty. This allegation is made in the first amended declaration filed. The last amended dec-

Baker *v.* Railroad.

laration does not contain this allegation. In *State* v. *Lea,* 1 Cold., 178, the rule was stated to be that unless the second or other count expressly refers to the first, no defect therein will be aided by the preceding count, for though both counts are in the same declaration, yet they are as distinct as if they were in separate declarations, and consequently they must independently contain all necessary allegations, or the latter count must expressly refer to the former. Chitty's Pleading, Vol. 1, p. 356; 6 Bacon Ab., 188.

In *Railroad* v. *House,* 20 Pickle, 110, it was said: "The rule is the original complaint (or declaration) is superseded, and its effect as a pleading destroyed, by filing an amended declaration complete in itself, and which does not refer to or adopt the original as a part of it."

The last amended declaration was complete in itself, and makes no reference to the allegation in the first amended declaration that it was the duty of the defendants to place the car at the derrick to be iced. But independently of this, the allegation was insufficient for the reason that it merely stated a conclusion of law. It did not allege how it became the duty of defendants to place the cars at the derrick. No such contract with plaintiff is alleged, nor is it stated that such a contract was made with the ice company by whom plaintiff was employed. At most it simply appears that it had been customary to

place the cars at the derrick, but no duty or obligation, contractual or otherwise, is shown, so that this allegation is not material. Moreover, it is not shown that the failure of defendants to place the car at the derrick was the proximate cause of the accident.

Affirmed.