FIRST NAT. BANK OF CHARLES CITY *et al.* v. D. S. B. JOHNSON LAND MORTG. CO. *et al.*

1. Under Code Civ. Proc. § 144, providing that plaintiff may unite in the complaint several causes of action, but that the causes united must belong to one of the specified classes, and, except in actions to foreclose a mortgage, must affect all the parties to the action, a complaint in an action to quiet title and for the cancellation of certain instruments affecting the title, which in the first cause of action stated thereon shows no interest in one of the joint plaintiffs, and in the other cause of action shows an interest in both plaintiffs, is bad for misjoinder of causes of action.

2. A complaint which is bad for failing to show in one cause of action stated therein any interest in the subject matter in one of the parties plaintiff cannot be aided in considering the allegations of the other cause of action to show such plaintiff's interest.

(Opinion filed Dec. 29, 1903.)

Appeal from circuit court, Spink county; Hon. J. H. McCoy, Judge.

Action by the First National Bank of Charles City and another against the D. S. B. Johnson Land Mortgage Company and another. From an order overruling demurrer to the complaint, defendants appeal. Reversed.

*Charles M. Stevens*, for appellants.

Under the statute § 143 Code of Civil Procedure, the causes of action united in the complaint must not only affect all the defendants, but all the plaintiffs as well. All the plaintiffs must have an interest in and be affected by each cause of action. Pomeroy's Rem. & Rem. R., Sec 483, and cases; Anderson v. Scandia Bank of Minneapolis, 53 Minn. 191, 54 N. W. R. 1062; Gray v. Rothchild, N. Y. 19, N. E. R. 847; Foreman v. Boyle, Cal. 26, Pac. R. 84; Barham v. Hostetter, 67 Cal. 274, 7 Pac. R. 689; Hawarden v. Youghiogheny & L. Coal Co., Wis., 87 N. W. R. 472.

The statute is an enactment of the equity rule, and under it plaintiffs cannot unite a cause of action affecting one plaintiff with another in which they have a joint interest. Story's Equity Plead., 9th Ed., Sec 297; Beach's Mod. Eq. Prac., Sec. 119; Winslow v. Smith, 64 Mich. 84, 30 N. W. R. 905.

*S. A. Keenan* for respondent.

All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs. Sec. 87 Code of Civil Procedure. Ely v. Wilcox, 26 Wis. 91.

In the case on this appeal, the plaintiffs have sustained a joint injury by reason of the defendant's conduct. They had the right to bring the action jointly or separately as they saw fit. 15 Encycl. Plead. & Prac., 543.

All persons materially interested, either legally or beneficially, in the subject matter of the suits, ought generally to be made parties thereto, either as plaintiffs or defendants, so that there may be a complete decree which shall bind them all. Wilson v. Castro, 31 Cal., 427, and authorities there collated.

Corson, J.    This case comes before us on an appeal from an order overruling separate demurrers interposed by the defendants to the plaintiff's complaint.    The demurrers were upon the following grounds: "First.    That several causes of action are improperly united therein.    Second.    That the first cause of action does not state facts sufficient to constitute a cause of action so far as the plaintiff the First National Bank of Charles City is concerned.    *    *    *    Third.    That the second cause of action does not state facts sufficient to constitute a cause of action as to either defendant."    The complaint attempts to set out two causes of action, the first of which is substantially as follows: It is alleged that the plaintiff the First National Bank of Charles City and the defendant D. S. B. Johnson Land Mortgage Company are corporations; that the plaintiff A. G. Case is the owner in fee simple and in possession of the quarter section of land described in the complaint, and was such owner at all times therein mentioned, and that the defendants and each of them claim an estate or interest in and to the said land adversely to the plaintiffs.    The plaintiff's second cause of action is very lengthy, but may be briefly summarized as follows: It is alleged that the plaintiff the First National Bank of Charles City brought an action in the circuit court of Spink county, in which it made the D. S. B. Johnson Land Mortgage Company and certain other parties defendants, and that as the result of that action a decree was entered quieting the title in the said First National Bank to the quarter section of land described in the first cause of action, together with another quarter, and canceling a certain mortgage alleged to have been executed by one Newell to Samuel McDonald upon the two quarter sections, and that pending said action the

land mortgage company wrongfully and "fraudulently caused the said mortgage to be assigned to Kate A. Chadwick, defendant in this action, and that she, not being a party to the former action brought to cancel said mortgage and quiet the title to the said land, now claims title under the said mortgage, and that the land mortgage company has fraudulently proceeded to foreclose the said mortgage in the name of the said Kate A. Chadwick; that after the former action was tried and final judgment and decree entered therein, and before the plaintiff bank had any knowledge of the said fraudulent transfer of said mortgage and the recording of its assignment, the plaintiff bank transferred the said premises to its co-plaintiff, A. G. Case, with the usual covenants of warranty; that said plaintiff the said First National Bank, by reason of the said transfer and by reason of its covenants with its said co-plaintiff, Case, is interested in the result of this action, and in having the said pretended assignment, and also the said pretended foreclosure proceedings, canceled; that by reason of the said fraudulent action and conduct on the part of the said defendants, plaintiffs have suffered damages in time and money spent in bringing this action and procuring the cancellation of the said pretended assignment of the said mortgage in the sum of $100, and plaintiff's demand judgment for the cancellation of said pretended assignment of said real estate mortgage and of the sheriff's certificate of sale, and that the foreclosure proceedings be cancelled of record, and be set aside as fraudulent and void; that the said plaintiff's title be quieted in them; and that the plaintiff's have judgment for their costs and disbursements, together with such damages as the court may find that the plaintiff's have suffered by reason of the fraudulent conveyance and actions of the defendants.

It is contended by the appellants that the plaintiff the First National Bank of Charles City, is not shown to have any interest in the said quarter section of land the title to which was sought to be quieted by the first cause of action, and could not, therefore, be joined with the plaintiff in the said cause of action. It will be observed from the allegations in the first cause of action that the plaintiff Case claimed to be the owner of the quarter section described in that cause of action, and that the defendants, and each of them, claimed an estate or interest in and to the said land adverse to the plaintiff. Section 144 of the Code of Civil Procedure provides: "The plaintiff may unite in the same complaint several causes of action, * * * but the causes of action so united must all belong to one" of the classes specified, and except in actions for the foreclosure of mortgages "must affect all the parties to the action." And Mr. Pomeroy, in his work on Remedies and Remedial Rights, says: "The causes of action must not only affect all the defendants, but all the plaintiffs as well, the provisions of the Codes applying equally to both parties." Pom. Rem. & Rem. § 483; Dailey v. Houston, 58 Mo. 361. So far as it appears from the allegations of the first cause of action, the plaintiff bank had no interest in the quarter section therein described. It was not the owner of the property, and it is not alleged that it had any interest therein; hence it does not appear from that cause of action that the bank would be affected in any manner by the action.

It is insisted on the part of the respondents that for the purpose of determining whether or not the bank was interested in the property described in the first cause of action we may look to the second cause of action, but this position of the respond-

ents is incorrect.   Each  cause of  action  must be complete in
itself.   One cause of action  cannot in any  manner be aided  by
the allegations in any other cause of action.   In the theory of
the law each cause of  action  constitutes a  separate  and inde-
pendent complaint.   Mr. Pomeroy, in his  work on  Remedies
and Remedial Rights. says: "All of the Codes require that the
different causes of action should be separately stated; in other
words, each must be set forth in a separate and  distinct  divi-
sion of the complaint or petition in such a  manner  that  each
of these divisions might, if taken  alone,  be  the substance of
an independent action.   Innfact, the whole proceeding is the
combining of several actions into one.   At common  law  these
separate divisions of the declaration were termed 'counts,' and
that word is still  used  by  text  writers and  judges, although,
with one or two exceptions, it is not authorized by the  Codes;
it tends to produce confusion and  misapprehension,  since the
common law 'count' was  substantially a  very  different  thing
from the 'cause of action' of the new  procedure."   Pom. Rem.
& Rem. § 442.   Bliss, in  his  work  on Code Pleading (section
841), states the rule as follows: "It (the  count)  must  contain
all the facts which constitute the cause of  action  embraced in
it, and its defects cannot be  supplied  from  the  other state-
ments."   Chitty, in his work on Pleadings says: "But unless
the second count expressly refers to the first, no defect therein
will be aided by the preceding count; for though both counts are
in the same declaration yet they are for all purposes as distinct
as if they were in separate  declarations,  and,  consequently,
they must independently contain all  necessary  allegations, or
the latter count must expressly refer to the former."   1 Chitty
on Pleadings, p 249.   In 4 Encylopædia of Pleading and Prac-

tice, 620, the rule is thus stated: "Each count in a complaint containing more than one cause of action must contain, in and of itself, a full and complete statement of all the facts constituting the cause of action sought to be stated." And this seems to be the view of courts in code cases. Sinclair v. Fitch 3 E. D. Smith, 675; Pennie v. Hildreth, 81, Cal. 128, 22 Pac. 398; Michigan National Bank v. Green, 33 Iowa, 140; Ludlow v. Ludlow, 109 Ind. 199, 9 N. E. 769. Assuming, therefore, without deciding that the plaintiffs were proper parties in the second cause of action, and that a good cause of action was stated therein, this would not show or tend to show that the plaintiffs were properly united in the first cause of action. In Hawarden v. Youghiogheny & L. Coal Co., 111 Wis. 545, 87 N. W. 472, 55 L. R. A. 828, the supreme court of Wisconsin thus states the rule governing this class of cases: "The statute provides that causes of action, in order to be united in one complaint, 'must affect all the parties to the action.' Rev. St. 1898, § 2647. It is clear that this limitation would be violated if the two causes of action in this complaint are allowed to be united in one complaint. The first cause of action is a straight action at law for damages to the plaintiff alone. No one else has any interest in the judgment in that action, whatever it be. But the second cause of action is a cause of action in favor of a large number of persons constituting a class represented by the plaintiff. * * * * The doctrine is frequently stated that the several causes of action for or against a person must affect him in the same capacity in order to make them capable of being joined. * * * These considerations are conclusive to the effect that the general demurrer to the whole complaint on the ground of improper joinder should have been

sustained." Gray v. Rothschild, 112 N. Y. 668, 19 N. E. 847; Foreman v. Boyle, 88 Cal. 290, 26 Pac. 94; Barham v. Hostetter, 67 Cal. 274, 7 Pac. 689; Winslow v. Jenness, 64 Mich. 84, 30 N. W. 905. It is quite clear, therefore, that the demurrer should have been sustained on the first two grounds specified in the demurrer, namely that the causes of action were improperly united, and that the first cause of action did not state facts sufficient to constitute a cause of action so far as the plaintiff the First National Bank is concerned. In taking this view of the case, we do not deem it necessary to discuss or consider the third ground of demurrer, namely that the second cause of action does not state facts sufficient to constitute a cause of action as to either defendant.

The order of the circuit court therefore, overruling the demurrers, is reversed.