JAMES O'NEILL V. JOSEPH RISINGER *et ux.*

No. 15,296.  (93 Pac. 340.)

SYLLABUS BY THE COURT.

MINES AND MINERALS—*Option Contract—Forfeiture.* An oil-and-gas lease which gives the lessee the exclusive right for a term of years to enter upon lands and prospect for and procure oil and gas, and provides in case no well shall be drilled within six months that all rights and obligations under the lease shall cease and determine, unless the lessee shall elect to continue the lease in force by payment in advance of an annual rental of one dollar per acre for all the land, and which contains no covenant, promise or agreement on the part of the lessee to drill a well, or pay the rental, or do anything, is a mere naked option, and the failure of the lessee to drill a well within six months or to make a payment of rental forfeits the lease.

Error from Wilson district court; LEANDER STILL-WELL, judge. Opinion filed January 11, 1908. Reversed.

*Eugene Mackey,* and *John J. Jones,* for plaintiff in error; *Lee & Mackey,* and *Jones & Reid,* of counsel.

*E. D. Mikesell,* and *J. B. Wilson,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: On November 2, 1905, Joseph Risinger and wife made and delivered to James O'Neill an oil-and-gas lease of certain lands in Wilson county of which they were owners. Two of the provisions of the lease are involved in this proceeding. The first reads:

"In case no well for oil or gas be drilled on said premises within six months of date hereof all rights and obligations secured under this contract shall cease and determine, unless the second party shall elect to continue this lease in force, as to all of said premises, by paying an annual rental of one dollar per acre, payable yearly in advance, for all of said premises."

The second is as follows:

"Provided, however, that the second party shall have the right at any time to terminate this lease by surrendering this lease, released from records, and shall thereafter be released from all obligations and liabilities under the same."

No well for oil or gas was drilled within six months of the date of the lease, nor at any time, and the lessee never paid any rental. In July, 1906, the owners of the lands brought this action to recover from the lessee the sum of $480 for rental of the lands for one year. The petition set up a copy of the lease and alleged that no well for oil or gas was drilled on any of the premises within six months of the date of the lease, nor at any time since, and then alleged that defendant, O'Neill, "elected to retain said premises under the said lease, by failing to surrender the said lease to plaintiffs upon

O'Neill v. Risinger.

the expiration of the six months, within which time a well for oil or gas was to be drilled on said premises." It was further alleged that the $480 was due; that no part of it had been paid; and that a demand had been made for it and refused. A demurrer to the petition was overruled, and defendant, electing to stand upon his demurrer, brings the case here for review.

Defendant contends that the lease is merely an option giving him the right to operate thereunder by drilling a well for oil or gas within six months from the date the lease was executed, and that a failure to do this forfeited the lease, unless he elected to continue it in force by paying in advance the annual rental of one dollar per acre; and that a failure either to drill a well within six months or to pay the rent forfeited the lease and the rights of all parties thereunder. On the other hand, it is the contention of plaintiffs that the general provision giving the second party the right to terminate the lease at any time by surrendering it, released from the records, controls, and that the failure of defendant to surrender the lease under this provision continued it in full force and effect.

Plaintiffs rely upon the doctrine that "a lessee cannot set up his own default in order to terminate the lease or escape liability under its provisions." The doctrine contended for is stated in *Brown v. Cairns,* 63 Kan. 584, 66 Pac. 639, the syllabus of which reads:

"Covenants in a lease providing for its termination upon failure of the lessee to comply with specified conditions are for the benefit of the lessor only, and the lessee cannot, by a breach of its covenants, abrogate the lease and thus secure advantage from his own default."

The doctrine has no application to a lease of this character. It would undoubtedly control if the lease in question contained covenants requiring the lessee to do anything. For instance, if it required the lessee to drill an oil- or gas-well within a certain period his failure to perform his covenant could not be taken ad-

5—77 KAN.

vantage of by him to declare a forfeiture. But the lease does not bind the lessee to do anything. It is a mere naked option. Under it the control of the premises remains in the lessors. The lessee has the right, if he sees fit, to enter upon the premises and prospect for oil or gas. In case oil or gas be found the lease provides what shall be done with it, and what the rights and obligations of both parties shall be, but nowhere in the lease does the lessee agree that he will drill a well or that he will enter upon the premises for any purpose. The absence of any covenant in the lease requiring the lessee to drill a well, or even to enter upon the lands and prospect for oil or gas, or to pay rental for such privileges, creates the distinction between this case and cases like *Brown v. Cairns, supra,* where the lessee was obliged by the terms of the lease to perform certain things. The lease here being a mere option, the doctrine declared in *Brown v. Cairns* has no application. If authorities are needed in support of this proposition the following are directly in point: *Glasgow, Appellant, v. Chartiers Oil Co.,* 152 Pa. St. 48, 25 Atl. 232, and *Snodgrass v. South Penn Oil Co.,* 47 W. Va. 509, 35 S. E. 820.

The lease in this case provides in plain language that it shall be no longer binding upon either party in case no well be drilled for oil or gas within the first six months, unless the second party shall elect to continue it in force by paying an annual rental per acre. This provision protects the lessors by preventing the property from being tied up indefinitely, for if the lessee fail to complete a well within six months the lessors would know that the lease had expired, unless within that time the lessee had extended it by making payments in advance for one year. The clause in the lease providing that the lessee shall have the right at any time to terminate the lease by surrendering it canceled is a general provision, and must be construed in connection with the other clause which expressly declares

that a failure to drill within six months or to pay rent shall terminate the lease. The latter clause does not pretend to exclude the first from becoming operative.

It follows that the demurrer to the petition should have been sustained. The judgment is reversed and the cause remanded, with directions to sustain the demurrer.