**STOVALL v. TEXAS CO.  (No. 10500.)**

(Court of Civil Appeals of Texas. Ft. Worth. March 1, 1924. Rehearing Denied March 22, 1924. Writ of Error Refused April 23, 1924.)

1. **Libel and slander ⬥139—Essentials to be alleged and proved in action for slander of title.**

In action for defamation or slander of title, plaintiff must allege and prove the uttering and publishing of the slanderous words, that they were false and malicious, and that he sustained special damages thereby, and that he possessed an estate or interest in the property slandered.

2. **Pleading ⬥34(3)—Pleading liberally construed against general demurrer.**

Where a pleading is tested by a general demurrer, every reasonable intendment from the allegations, taken as a whole, will be indulged (rule 17, district and county courts).

3. **Pleading ⬥193(5)—Defective statement of causes of action, if amendable, not subject to demurrer.**

A defective statement of causes of action, if amendable, is not subject to demurrer.

4. **Mines and minerals ⬥78(1)—Lessee held required either to submit to surrender or forfeiture of lease or to pay agreed rentals.**

Under an oil and gas lease which made it optional with lessee either to drill or continue the lease by payment of rentals, and which provided that such rentals were to be doubled if a certain nearby well became productive, *held*, that when such contingency happened it was lessee's duty either to submit to a surrender by it or a forfeiture by lessor, or to pay the rentals agreed upon.

5. **Mines and minerals ⬥78(5)—Lessor held entitled to waive forfeiture and sue for additional rentals due.**

Where oil and gas lease provided that rentals should be doubled in a certain contingency and that upon nonpayment of agreed rentals lease was to be forfeited and become void and lessee refused to pay double rentals but continued to pay original rentals, lessor might waive forfeiture and sue for additional rentals claimed to be due.

6. **Pleading ⬥403(3)—Recitals and pleadings in answer held to supply defects in petition.**

In action to recover alleged rent due under oil and gas lease, recitals and pleadings in lessee's answer *held* to supply any defects in allegations of first count of petition.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Suit by E. C. Stovall against the Texas Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Taylor & Taylor and J. L. Lackey, all of Wichita Falls, for appellant.

H. S. Garrett, of Fort Worth, for appellee.

BUCK, J. This suit was instituted in the district court of Young county by E. C. Stovall, appellant herein, against appellee, for $3,250, which plaintiff claimed was due him as a balance on rents, which the defendant, the Texas Company, was owing to him under and by virtue of a certain oil and gas lease which it held on plaintiff's lands. This lease was dated June 9, 1917, and was executed by plaintiff, as attorney in fact for his father, C. C. Stovall; said land amounting to 440 acres. That the lease was made to the Producers' Oil Company, and by it assigned to the defendant, who assumed all the lessee's obligations thereunder. By the terms of said lease, the lessee paid a cash consideration of $1,050, being the cash rental for one year, and agreed to pay $1 per acre annually, payable semiannually; said payments to begin June 1, 1918. That it was further agreed that in the event a well known as the Colcord well, which was then being drilled about two miles south of the land leased under this contract, should prove to be a paying well, then the rental above mentioned should be doubled, and from June 1, 1918, the lessee should pay $2 an acre annually, payable semiannually, as rental. Plaintiff further alleged that the Colcord well was finally completed, and that oil and gas were found in said well in paying quantities, and the owner operated the same for some time, and sold oil and gas therefrom to various operators in the oil field near by, and that such was done for a considerable length of time; but that said well was not drilled in a careful and workmanlike manner, and was not operated in a workmanlike manner, and was carelessly, negligently, and

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

improperly drilled in and operated, and was subsequently abandoned; that plaintiff believed and alleged that if the Colcord well had been properly drilled and operated that it would have continued to produce oil and gas in paying quantities.

Plaintiff further alleged that subsequent to the making of the lease he had purchased the land, theretofore leased for his father, and as such owner he notified the defendant company that the Colcord well was a paying well, and requested defendant to pay $2 an acre instead of $1, as provided in the lease contract, but that defendant refused to do so, and continued to pay only the $1 rental. Hence he prayed for judgment.

In a second count in his petition, he alleged that the defendant, in spite of its failure to pay the $2 an acre rental, had held and claimed said land under the lease theretofore made, and had asserted that it would not surrender or forfeit the lease on the land, and had prevented the plaintiff from leasing the land to other parties, at a largely increased rental, and caused the plaintiff to suffer damages thereby, for which he prayed. He did not allege in this count that the claim alleged to have been asserted by defendant to the lease was asserted maliciously, or that defendant's failure to surrender the lease or to permit it to be forfeited was malicious.

The trial court sustained a general demurrer to plaintiff's petition as a whole, and plaintiff has appealed. It was agreed that in determining the question as to whether the demurrer should be sustained or not the trial court might consider the lease in question, which is set forth in the trial court's judgment.

[1] The main ground urged by appellee that no error is shown in the action of the trial court in sustaining the general demurrer to plaintiff's second count, which it is asserted is in effect a suit for slander of title, is that plaintiff failed to allege that defendant's conduct was actuated by malice, or that without probable cause it asserted the claim that its conduct did not afford a ground for forfeiture. We believe, in order for a plaintiff to recover in an action for defamation or slander of title, he must allege and prove: (1) The uttering and publishing of the slanderous words; (2) that they were false; (3) that they were malicious; (4) that he sustained special damages thereby; and (5) that he possessed an estate or interest in the property slandered. 25 Cyc. pp. 559, 560 and 564; 17 R. C. L. p. 456, § 218; Haldeman v. Chambers, 19 Tex. 1; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515, 522; 25 Am. & Eng. Ency. of Law, 1074. But since we have concluded that the judgment below should be reversed for the action of the trial court in sustaining the general demurrer to the plaintiff's petition as a whole (the demurrer being directed to the pleading as a whole), and if the cause

asserted in the second count is properly one for slander of title, and if the plaintiff on a second trial desires to urge this cause of action, he can amend his petition so as to comply with the legal requirements.

Appellee urges in defense of the judgment rendered on the first count that, this lease being an "unless" lease, the failure to pay the agreed rental, and all of the rental, forfeited the lease, and rendered it null and void; that therefore plaintiff was not entitled to sue for the claimed rentals due and unpaid. He, in effect, urges that plaintiff's one remedy was a suit to declare a forfeiture, and to eject defendant from the premises, or a suit in trespass to try title; that under the contract defendant had the right to pay the agreed rental or not to do so and the failure to pay the rental in full (unless such failure was acquiesced in or waived by plaintiff) rendered the lease subject to forfeiture. The lease, in part, reads as follows:

"If operations for the drilling of an oil or gas well are not begun on said land on or before the first day of June, 1918, this lease shall terminate as to both parties, *unless* [italics ours] the lessee on or before that date shall pay or tender to the lessor, or to the credit of the lessor in the Beckham National Bank at Graham, Texas (which shall continue as the depository regardless of changes in the ownership of the land), the sum of two hundred twenty dollars, which payment or tender may be made by the check or draft of the lessee, and however made shall operate to confer on the lessee the privilege of deferring the time limit for six months from said date. Thereafter, in like manner and upon like payments or tenders of said amount, the time limit may be further deferred for additional periods of six months successively, provided always that this lease cannot be kept in force by such payments in the absence of drilling operations for a longer period than five years from the date last above set forth. But nothing in this paragraph contained shall obligate the lessee, against its wish or option, to make any such payment or to drill or otherwise carry on operations hereunder. And it is understood and expressly agreed that the consideration first recited in this lease, the down cash payment, and the obligation of the grantee contained in the next ensuing paragraph hereof, shall be held to support and sustain, not only the privileges granted to the date first written in this paragraph, namely, the date when this lease is to terminate unless an additional payment or tender is made, but also the lessee's option of extending that period from time to time and keeping this lease in force as aforesaid, as well as any and all other rights and privileges conferred on the lessee by this instrument."

It has been held in a large number of cases, in this state and other jurisdictions, that a failure to pay the provided rental on the due date thereof, and in the absence of the beginning of drilling operations, under one of those "unless" leases, causes the lease contract to become null and void, and that the lessor is not entitled upon such failure

to pay rentals to sue for and recover the rentals provided; that it is optional with the lessee either to drill or to pay rentals, and he is not bound to do either. He merely forfeits the lease by not doing one or the other. See Stine et al. v. Producers' Oil Co., 203 S. W. 126; by the Amarillo Court of Civil Appeals; Garfield Oil Co. v. Champlin et al., 78 Okl. 91, 189 Pac. 514; Deming Inv. Co. v. Lanham, 36 Okl. 773, 130 Pac. 260, 44 L. R. A. (N S.) 50; Glasgow v. Chartiers Gas Co., 152 Pa. 48, 25 Atl. 232; Van Etten et al. v. Kelly, 66 Ohio, 605, 64 N. E. 560; Brooks v. Kunkle et al., 24 Ind. App. 624, 57 N. E. 260; O'Neill v. Risinger et ux., 77 Kan. 63, 93 Pac. 340; De Soto-Morrison Oil & Gas Rights, 61; Thornton's Law of Oil & Gas, vol. 2, p. 1165, § 864.

[2, 3] Upon a general demurrer every reasonable intendment should be indulged in favor of the pleading to which an exception is thus made. Rule 17, for the district and county courts, Harris Rules of the Courts, p. 149. Where pleading is tested by a general demurrer, every intendment from the allegations contained in it, taken as a whole, will be indulged, and a defective statement of causes of action, if amendable, is not subject to demurrer. Northwestern Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185, writ denied by Supreme Court.

Rule 4 for the district and county courts, Harris Rules of the Courts, p. 139, says:

"The plaintiff, in the original petition, in addition to the names and residences of the parties and the relief sought, may state all of his facts, so as to present together different combinations of fact, amounting to a cause or causes of action, as has been the usual practice, or he may state the cause or causes of action in several different counts, each within itself presenting a combination of facts specifically amounting to a single cause of action, which, when so drawn, shall be numbered, so that an issue may be formed on each one by the answer."

In First Nat. Bank v. Mortgage Co., 17 S. D. 522, 97 N. W. 748, it is held that a complaint which is bad for failing to show in one cause of action stated therein any interest in the subject-matter in one of the parties plaintiff cannot be aided by considering the other cause of action to show such plaintiff's interest. See Baker v L. & N. Terminal Co., 106 Tenn. 490, 61 S. W. 1029, 53 L. R. A. 474; Am. Dig. (Dec. Ed.) 1897 to 1906, under Pleading, §§ 54 and 403. It is true that a necessary allegation contained in one count need not be repeated in another count, if a sufficient reference to the former allegation is contained in such other count. Bloss v. Tobey, 19 Mass. (2 Pick.) 320; Guaranty Co. v. Home Publishing Co., 79 Minn. 465, 82 N. W. 857. But unless the second count or other count in a declaration expressly refers to the first, no defect therein will be aided by the preceding count. Baker v. L. & N. Ter-

minal Co., 106 Tenn. 490, 61 S. W. 1029, 53 L. R. A. 474.

[4-6] The majority, however, do not find it necessary to discuss or determine the question to which the preceding discussion and authorities relate; it being their opinion that the first count, especially when construed in the light of the defendant's answer, states a good cause of action as against a general demurrer. The writer recognizes the extreme liberality of the rules governing pleading in Texas, and that probably some of the decisions in the Code states would not be applicable to cases involving the sufficiency vel non of the pleadings in our state; yet he has been unable to find any authority, even in Texas, authorizing a court, in order to supply a necessary allegation in one count, to consider such allegation in another count of the petition, where the two counts set up different causes of action. See Polk v. Roebuck, 184 S. W. 513, by the Beaumont Court of Civil Appeals. In the opinion of the writer where the different counts set up different causes of action, as here, one cause of action being for debt and the other for tort sounding in damages, recourse may not be had to a second count in order to supply necessary allegations in the first count. Probably this is not true where the different counts set up the same cause of action, based upon different theories. Hollis v. Chapman, 36 Tex. 1. He is of the opinion that the sufficiency of the first count of the petition must be determined by the allegations contained therein. However, it does appear in the first count that plaintiff alleged that the defendant had paid the rental at the rate of $1 an acre per annum, but was refusing to pay the additional dollar an acre claimed by plaintiff to be due. In other words, defendant was insisting that it had complied with the terms of the lease contract, and had paid all that was due, and was insisting that it had the right to a continuance of the lease. The only question of controversy between the lessor and the lessee was the payment of the additional dollar per acre, by reason of the alleged fact that the Colcord well was a producing well. At least, the defendant should not be allowed to occupy the position of a "dog in a manger." Under the law, it was its duty either to submit to a surrender on its part, or a forfeiture on the plaintiff's part, of the lease, or to pay the rentals which had been contracted to be paid.

In the instant case the defendant answered, subject to the overruling of the general demurrer and special exceptions, that it had paid all the rentals due, and that if in fact the allegations in plaintiff's petition as to the Colcord well being a paying well were true, which was denied, yet, with full knowledge of such facts, if any, plaintiff insisted on the payment by defendant of the rentals due, and he accepted the payment of $1 an acre in full satisfaction, and was estopped from

claiming that such payment was not in full satisfaction. In Paddock v. Jackson, 16 Tex. Civ. App. 655, 41 S. W. 700, writ denied, it was held that in determining the sufficiency of a petition, as against a general demurrer, recourse might be had to the answer filed to supply necessary allegations. In 31 Cyc. p. 714, XIV A, it is said:

"If a necessary allegation is omitted from a pleading, and the missing allegation is either alleged or admitted by the pleading of the adverse party, the defect is cured. Similarly an allegation which is merely defective may be rendered sufficient by an allegation or admission of the other party which supplies the defect."

See Hill v. George, 5 Tex. 87; Lyon v. Logan, 68 Tex. 521, 5 S. W. 72, 2 Am. St. Rep. 511; Wright v. McCampbell, 75 Tex. 644, 13 S. W. 293; Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398.

We believe, in view of the attitude of the defendant alleged in the first count, that plaintiff was authorized to waive the question of forfeiture and to assume that defendant did not desire a forfeiture, and to sue for the additional rentals claimed to be due. We are further of the opinion that even if the necessary allegations are properly held to be wanting in the first count, and even if recourse may not be had to the second count to supply them, the recitations and pleadings in defendant's answer supplied any defect in plaintiff's first count.

If this view be true, and we believe it is, it follows that the trial court erred in sustaining the general demurrer to plaintiff's petition, and the judgment will be reversed, and the cause remanded.

## On Motion for Rehearing and to Certify.

We have carefully considered appellee's able motion for rehearing, but we conclude that our disposition of the appeal on original hearing was proper. We further believe that the case of Stine v. Producers Oil Co. (Tex. Civ. App.) 203 S. W. 126, is distinguishable from the instant case, and that no necessary conflict exists.

Therefore the motion for rehearing and the motion to certify are overruled.