HOLDER, Justice,
concurring.
Although I concur in the results, I write separately because of my disagreement with this Court’s expansive use of the term “duty.” This Court has properly, in my opinion, used a duty analysis to determine that class of people to whom reasonable care must be exercised. See, e.g., Bradshaw v. Daniel, 854 S.W.2d 865 (Tenn.1993). In my opinion, however, this Court has also improperly used a duty analysis to determine whether a party has failed to use reasonable care. See, e.g., Eaton v. McLain, 891 S.W.2d 587 (Tenn. 1994).
One commentator has stated that the question of whether there is a duty has most often seemed helpful in cases where the only real issue is whether the defendant stands “in any such relation to the plaintiff as to create any legally recognized obligation of conduct for the plaintiff’s benefit.” W. Page Keeton, Prosser & Keeton on the Law of Torts, § 42 at 274 (5th ed.1984). In courts that use “duty” to limit legal redress where causation is clear and direct, the ordinary usage of “duty:”
has been to confine the word “duty” to questions of the existence of some relation between the defendant and the plaintiff which gives rise to the obligation of conduct in the first instance, and to deal with the connection between that obligation, once it has arisen, and the consequences which have followed in the language of “proximate cause.”
Id. at 275.
This Court, however, has followed the lead of jurisdictions that have expanded the use of a duty analysis in premises liability cases. The majority states:
The analysis, therefore, as in any negligence case, is first upon duty in accordance with the foreseeability and gravity of *47 harm, and the feasibility and availability of alternatives; if a duty is imposed, then the surrounding circumstances are analyzed under the principles of comparative fault.
I have no quarrel with an examination of foreseeability and the gravity of harm to determine whether a duty exists. Where I begin to differ with the majority is in the examination of the following factors as part of the analysis of duty: whether the danger was known and appreciated by the plaintiff; whether the risk was obvious to a person exercising reasonable perception, intelligence, and judgment; and whether there was some other reason for the defendant to foresee the harm. These factors are more properly considered by the trier of fact in determining whether a duty has been breached.
The existence of a duty should not be confused with a breach of that duty. See Shaw v. Petersen, 169 Ariz. 559, 821 P.2d 220, 222 (1991) (holding that whether a hazard is open and obvious is not relevant to determine the existence of duty, rather it is relevant to determining if the duty was breached). I would permit a jury to decide if a risk is unreasonable. Klopp v. Wackenhut Corp., 113 N.M. 153, 824 P.2d 293, 298 (1992) (holding that it is for the jury to decide in virtually every case whether a dangerous condition on the premises involved an unreasonable risk of danger and whether the occupier should reasonably anticipate that the visitor will not discover or realize the “obvious” danger).
Unlike the majority of this Court, I would find that the doctrine of “open and obvious” has been subsumed into the comparative fault scheme. Once a duty is found to exist as to the class of persons to which the plaintiff belongs, the obviousness of the danger and the plaintiff’s confrontation of that danger would be but two additional factors for the jury to consider in determining the parties’ percentages of fault. Only if reasonable minds could not differ should a motion for summary judgment or directed verdict be granted. See Hertelendy v. Agway Ins. Co., 177 Wis.2d 329, 501 N.W.2d 903, 908 (1993) (holding that the application of open and obvious danger doctrine amounts to a determination that the plaintiff’s negligence in confronting an open and obvious danger exceeds the defendant’s negligence as a matter of law).
Approaching the open and obvious rule by analyzing the reasonableness of a party’s actions is consistent with the history of the open and obvious rule in Tennessee. In the early history of “open and obvious,” precluding recovery required analyzing the reasonableness of the actions of the plaintiff in confronting a risk or danger. The earlier cases focused on the plaintiff’s prior knowledge of the danger. See Baker v. Louisville & N. Terminal Co., 106 Tenn. 490, 61 S.W. 1029, 1031 (1901) (“This was a danger that was open and obvious to plaintiff the moment he climbed upon the car, and, having assumed the risk of icing the car under such conditions, he cannot be heard now to complain”); Illinois Central R.R. Co. v. Nichols, 173 Tenn. 602, 118 S.W.2d 213, 218 (1938) (“And, hence, there is no liability from dangers that are obvious, or as well known to the person injured as to the owner”) (emphasis in original); Park v. Sinclair Refining Co., 24 Tenn.App. 204, 142 S.W.2d 321, 324-25 (1940) (holding no liability is established “when it appears that the injured person’s knowledge of the danger surpassed or equaled that of the defendant”).
In these cases, I would find the defendants owed a duty to their respective plaintiffs. Once it has been determined that the plaintiffs fall within the foreseeable class of persons, I would require the evaluation of the danger, the reasonableness of the defendants’ actions and the reasonableness of the plaintiffs’ actions in confronting the danger to be decided by the trier of fact in comparing the fault of the parties. The relevant inquiry is the conduct of each of the parties and whether that conduct falls below the standard of care so as to breach the duty owed.