## Glasgow, Appellant, *v.* Chartiers Oil Co.

*Oil lease—Forfeiture—Condition—Covenants.*

An oil lease demised the oil and gas under the grantor's land with the right to go upon and operate the land for oil and gas purposes. The lease was to continue for five years and as much longer as oil or gas should be found in paying quantities. The consideration was a bonus of one hundred dollars, and a royalty of one eighth part of the oil produced. If gas was found, the rental was fixed at three hundred dollars per year for each well. The lease then proceeded as follows: "Provided, however, that this lease shall become null and void and all rights hereunder shall cease and determine, unless a well shall be completed on the premises within one month from the date hereof, or unless the lessee shall pay at the rate of one hundred dollars monthly in advance for each additional month." *Held,* that the lease contained no covenant on the part of the lessee to pay rent or develop the land. The only penalty imposed upon him for failure to operate the land or pay one hundred dollars per month for delay, was a forfeiture of his rights under the agreement.

The legal effect of the agreement is to confer on the grantee the right to explore for oil on the tract described. If he does not exercise this right within one month, it is lost to him, unless he chooses to pay one hundred dollars in advance, as the price of another month's opportunity to explore. If he does exercise it, and finds nothing, he is under no obligation to continue his explorations. If he explores and finds oil or gas, the relation of landlord and tenant or vendor and vendee is established, and the tenant would be under an implied obligation to operate for the common good of both parties and pay the rent or royalty reserved: Per WILLIAMS, J.

Argued Oct. 18, 1892. Appeal, No. 147, Oct. T., 1892, by plaintiff, John Glasgow, from order of C. P. Butler Co., June T., 1891, No. 40, in favor of defendant refusing judgment for want of a sufficient affidavit of defence. Before STERRETT, GREEN, WILLIAMS, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover rent or royalties on oil lease.

The lease provided as follows :

" The lessor in consideration of one hundred ($100.00) dollars paid by the lessee, the receipt of which is hereby acknowledged, does hereby grant, demise and let unto the lessee his heirs and assigns all the oil and gas in and under the following described tract of land, and also the said tract of land for the purpose and with exclusive right of operating thereon for said oil and gas, together with the right of way and the right to lay pipes over, and to the use of water from the same, and the right to remove, at any time, all property placed thereon by the lessee [describing the premises].

" To have and to hold the same unto the lessee, his heirs and assigns, for the term of five years from the date hereof and as much longer as oil or gas is found in paying quantities thereon; yielding and paying to the lessor the one eighth part or share of all the oil produced and saved from the premises, delivered free of expense into tanks or pipe lines to the lessor's credit, and should any well produce gas in sufficient quantities to justify marketing, the lessor shall be paid at the rate of three hundred ($300.00) dollars per year for such well so long as the gas therefrom shall be sold.

" Provided, however, that this lease shall become null and void, and all rights hereunder shall cease and determine unless a well shall be completed on the said premises within one month from the date hereof, or unless the lessee shall pay at the rate of one hundred ($100.00) dollars, monthly in advance, for each additional month such completion is delayed from the time above mentioned for the completion of such well until a well is completed. Such payments may be made direct to the lessor or deposited to his credit in Butler Savings Bank, of Butler, Pennsylvania."

No developments were made on the property, but the defendants paid the monthly rentals on the lease up to and including January 10, 1891. Since then no payments were made. On April 13, 1891, plaintiff brought this suit to recover $300 for payments claimed to be due for February, March and April, 1891. The affidavit of defence denied the defendant's liability. The court discharged a rule for judgment in the following opinion by HAZEN, P. J. :

"The following facts clearly appear, to wit: 1. That the contract upon which this suit is brought is not a joint contract. 2. That there is no averment that the defendants are jointly liable. 3. [That this contract contains no agreement, covenant or promise, either expressed or implied, on the part of the lessee to pay anything to the lessor;] [1] and 4. [That at most it is only an option revocable at the pleasure of the lessee.] [2]

"Therefore, upon the foregoing state of facts, under the law, applying same to the case under consideration, there can be no judgment. This agreement or contract may be very improvident, but with this we have nothing to do. We cannot read into this contract, agreements, covenants or promises which the parties thereto left out of it. It is enough that the court interpret and enforce it as made by the parties thereto. 'Persons may, of course, contract in this form and to this effect if they choose:'. Wills v. Gas Co., 130 Pa. 233; and this clearly is a case where the parties to this agreement have so contracted, and now must abide the legitimate result. The motion for judgment under the law and facts should not be granted and this rule should be discharged."

*Errors assigned* were (1, 2) portions of opinion in brackets, quoting them, (3) discharging rule for judgment, and (4) refusing to enter judgment.

*J. M. Galbreath, J. B. McJunkin* with him, for appellant.— The lessor had the option upon default by the lessee either to declare the forfeiture or to affirm the continuance of the contract, and when he adopted the latter alternative, the lessee could not set up a forfeiture as a defence to an action in affirmance of the lease: Ray v. Natural Gas Co., 138 Pa. 576.

A covenant to operate the land is implied in the lease: Koch and Balliet's Ap., 93 Pa. 434; Ray v. Nat. Gas Co., 138 Pa. 589.

*H. A. Miller*, with him *Newton Black* and *Edwin S. Craig*, for appellee.—The words of the lease imported a condition and not a covenant: Gray v. Blanchard, 8 Pick. 284; Sharon Iron Co. v. Erie, 41 Pa. 341; Watters v. Bredin, 70 Pa. 235; Palmer v. Plank Road Co., 1 Kernan, 376.

OPINION BY MR. JUSTICE WILLIAMS, November 11, 1892:

This appeal depends on the construction that should be given to the contract made by the parties on the tenth day of June, 1890. It is called "An Agreement of Lease." An examination of its provisions shows it to be a demise of the oil and gas under the grantor's tract of land in Clinton township, Butler county, and of the right to go upon and operate the land for oil and gas purposes. The lease, or right granted, is to continue for five years, and as much longer as oil or gas shall be found in paying quantities on the tract. The consideration for the grant is a bonus of one hundred dollars, and a rent or royalty of one eighth part of the oil produced. If gas be obtained, the rental is fixed at three hundred dollars per year for each well producing gas in quantity sufficient to justify marketing it. The agreement then proceeds as follows: "Provided, however, that this lease shall become null and void and all rights hereunder shall cease and determine, unless a well shall be completed on the premises within one month from the date hereof, or unless the lessee shall pay at the rate of one hundred dollars monthly in advance for each additional month," etc. There is no express covenant, promise or undertaking by the lessee to be found anywhere in the agreement. A covenant to operate within a reasonable time might be implied from the nature of the instrument, but the lessee has been careful to make no express promise to operate the lease, or to do anything towards the development of the land. If he does nothing, the penalty for his inaction is fixed. It is the forfeiture or loss of his rights under the agreement. But, if he thinks it an object to do so, he may prevent the assertion of this forfeiture by paying one hundred dollars in advance of the first day of the next month after the date of the contract, and, upon such payment, the right of forfeiture is postponed one month. This he may do month after month as long as he pleases, or until the end of five years. If, however, he puts down no well during the first month, and pays no money in lieu of it, his rights are at an end, and the lessor may assert the forfeiture.

This looks like an improvident agreement, and, as the learned judge of the court below suggests, may have been obtained

by artifice; but no fraud is alleged, and the question is, therefore, one of construction only.

Its legal effect is to confer on the grantee the right to explore for oil on the tract described. If he does not exercise this right within one month, it is lost to him, unless he chooses to pay one hundred dollars in advance as the price of another month's opportunity to explore. If he does exercise it, and finds nothing, he is under no obligation to continue his explorations. If he explores and finds oil or gas, the relation of landlord and tenant or vendor and vendee is established, and the tenant would be under an implied obligation to operate for the common good of both parties, and pay the rent or royalty reserved. In this case, he did nothing in the way of development, and, after the payment of one hundred dollars per month for the delay, for a short time, he ceased to pay.

The appellant contends that, because he might pay under the terms of the contract, he may be compelled to pay. But payment was the means provided by the contract by which the exercise of the right of the lessor to assert a forfeiture could be postponed. If the lessee did not wish to postpone the exercise of such right, he had only to refrain from making the payment. This case is not ruled by Ray v. The Natural Gas Company, 138 Pa. 576, and kindred cases. There the lessor had an election whether to assert the forfeiture provided for, or waive it and proceed upon the covenants of the lessee. We said in those cases that a lessee could not set up his own broken covenants to shield him from liability. It was his duty to perform them. If he failed, his lessor could elect in what way to enforce them. He might assert the forfeiture and re-enter, or sue upon the broken covenants. Unfortunately for the plaintiff in this case, he has no covenants on which to sue.

The learned judge reached a correct conclusion, and the judgment is affirmed.