## Catharine Cole *v.* J. Milton Taylor, Appellant.

*Oil and gas lease—Abandonment by lessee.*

Lessees who have abandoned their rights under an oil lease cannot confer any title on their assignees.

A failure to produce oil in paying quantities is in equity a forfeiture of the rights of a lessee, inasmuch as if a lessee under such a lease explores and finds oil or gas, the relation of landlord and tenant is established, and the tenant is under an implied obligation to operate for the common good of both parties, and pay the rent or royalty reserved.

Argued April 27, 1898.    Appeal, No. 186, April T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1895, No. 676, on verdict for plaintiff.    Before WICK-HAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Ejectment.    Before STOWE, P. J.

It appears from the evidence that. plaintiff leased to Carr Brothers, their heirs and. assigns, on June 17, 1892, a certain tract of land in Allegheny county, " to have and to hold the said premises for and during the term of two years from·date hereof and so long thereafter as oil or gas can be produced in paying quantities." Lessees put down a well and got oil in August or September, 1892. They produced until August, 1893, in paying quantities. At that time they ceased to produce, shutting down their well, but leaving the pumping machinery on the lease, and a man in charge. In October, 1895, the defendant, their assignee of the lease, with his co-owners, started in to produce oil in the well, taking the well as they found it. They produced oil from the well in paying quantities from October, 1895, to the early part of 1897, when the production fell off to a very small amount. Plaintiff brought an action of ejectment on November 11, 1895.

Verdict and judgment for plaintiff.    Defendant appealed.

*Error assigned* was directing a verdict for plaintiff.

*William M. Hall, Jr.*, for appellant.—Our contention on the facts is, that when the oil was produced in paying quantities

during the two years mentioned in the lease, the developing having been done in accordance with the provisions of the lease by the lessees, the title of the lessees, and consequently of the defendant in this case, was a vested one: Oil Co. v. Fretts, 152 Pa. 451, 460.

The plaintiff could have protected her interests entirely by notifying the defendant's assignor to produce or remove from the lease, and seek aid in equity. This was the method followed in Kleppner v. Lemon, 176 Pa. 502. Instead of this she remains silent, and attempts to enforce a forfeiture of defendant's interest.

We will admit that it is fair and right, and should be the law, that a lessee under similar circumstances is under an "implied obligation to operate for the common good of both parties." This view of the law is a dictum in Glasgow v. Chartiers Oil Co., 152 Pa. 48, in an opinion by Mr. Justice WILLIAMS. But the converse to this proposition is true, that the lessee is not under an implied obligation to operate the lease to his own loss when the price of oil is too low to produce in paying quantity, and it should also be good law that, when it is entirely within the lessor's power to compel a production or removal from the lease, that is to say, enforce this implied obligation, a failure on lessor's part to make any demand to have the obligation performed, an apparent acquiescing in all that lessees were doing, should estop her from asking a forfeiture of valuable rights in lessees. It does not follow that a neglect to perform this implied obligation would work a forfeiture, much less does it follow that it would work a forfeiture when no demand for performance was made.

*James Bredin,* for appellee, submitted no paper-book.

OPINION BY PORTER, J., July 29, 1898:

The lease in this case gave the lessees the right " to have and to hold the said premises for and during the term of two (2) years from the date hereof and so long thereafter as oil or gas can be produced in paying quantities." The date of the lease was June 17, 1892. The rental was one eighth of the oil produced. The lessees pumped oil until August, 1893, and paid the rental. They then ceased work and abandoned the premises

because, as testified by the plaintiff, oil could not be produced in paying quantities.    Nothing further was done under the lease for more than two years.    In October, 1895, the defendants under an assignment of the lease from the original lessees entered upon the premises and proceeded to pump oil until the date of the trial below in November, 1897.    For a part of this time, it was claimed that the well in connection with other wells, was producing oil in paying quantities.

Carr Bros., the original lessees, stopped pumping in August, 1893.    They left no one in charge of their machinery. There was a palpable abandonment of the enterprise.    On May 28, 1894, they requested an extension of the lease for a further period of two years, thus indicating their own belief that their rights under the lease would certainly terminate on June 17, 1894, that being the limitation of the term if oil could not be found in paying quantities.    The request for a renewal was refused, but in May, 1895, as the plaintiff testifies, " Mr. Carr told me to draw a lease and make the lease as tight as we could and then give him a few days' notice and he would meet me here and he would sell what he had there to the parties. . . . . He said it didn't pay them to operate out there."    From this nothing can be more clear than that Carr had given up the enterprise because of the inability to produce oil in paying quantities.    The original lessees having abandoned their rights under the lease they had none to confer on their assignees, the defendants here.

In addition to this, however, assuming that oil could have been produced in paying quantities, there is the fact that the lessees failed to so produce it for a period of two years, and by this means deprived the lessors of their rent which was payable out of the oil produced.    It would seem that the failure so to produce for so unreasonable a length of time ought in equity to work a forfeiture of the rights of the lessees, inasmuch as if a lessee under such a lease " explores and finds oil or gas, the relation of landlord and tenant or vendor and vendee is established and the tenant would be under an implied obligation to operate for the common good of both parties and pay the rent or royalty reserved:" WILLIAMS, J., in Glasgow v. Chartiers Oil Co., 152 Pa. 52.

The judgment of the court below is therefore affirmed.