# CHARLESTON.

SNODGRASS *v.* SOUTH PENN OIL CO.

Submitted January 27, 1900—Decided March 24, 1900.

OIL LEASES—*Construction.*

Where a party leases a tract of land for the purpose of mining and operating for oil and gas, the lessee contracting to deliver to the credit of the lessor one-eighth of the oil produced, and saved from the premises, and to pay two hundred dollars per year for the gas from each well drilled, and the lease also contains the following provision: "Provided, however, that this lease shall become null and void, and all rights thereunder shall cease and determine, unless a well shall be completed on the premises within one year from the date hereof, or unless the lessee shall pay at the rate of three hundred and fifty dollars quarterly in advance for each additional three months such completion is delayed from the time above mentioned 'for the completion of such well until a well is completed. *Held*, that this provision did not bind the lessee to pay any rent for the land, or for delay in commencing to operate for oil and gas, and, in the absence of some other clause binding the lessee to pay for such rent or delay, an action of *assumpsit* could not be maintained on such lease for failing to pay such rent, or for such delay.   (p. 572.)

Error to Circuit Court, Braxton County.

Action by C. N. Snodgrass against the South Penn Oil Company.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

JOHN B. MORRISON, for plaintiff in error.

A. B. FLEMING and U. N. ARNETT, Jr., for defendant in error.

ENGLISH, JUDGE:

C. N. Snodgrass and wife entered into an agreement with the South Penn Oil Company whereby they leased to said company, for the purpose of operating for gas and oil,

mining, laying pipe lines, building tanks, etc., a certain
tract of land situated partly in Gilmer and partly in Brax-
ton Counties, of three thousand five hundred acres, more
or less, with certain reservations. This tract was de-
scribed in said agreement, which contained the following
clause: "Provided, however, that this lease shall become
null and void, and all rights thereunder shall cease and de-
termine, unless a well shall be completed on the premises
within one year from the date hereof (July 18, 1896), or
unless the lessee shall pay at the rate of three hundred and
fifty dollars quarterly in advance for each additional three
months such completion is delayed from the time above
mentioned for the completion of such well, until a well is
completed." No well having been commenced or com-
pleted on said tract of land on the 1st of September, 1898,
said Snodgrass brought an action of trespass on the case
in *asssumpsit* upon said agreement or lease, setting forth
the terms or conditions of the lease, and, among other
things, that by the writing aforesaid the defendant agreed
and promised the plaintiff to complete a well on said prem-
ises within one year from the date thereof, and, in case of
failure to so complete such well within one year, to pay to
plaintiff a rental of three hundred and fifty dollars quar-
terly in advance, to wit, three hundred and fifty dollars for
each three months, and to continue to do so until such
well should be completed, etc., and that by the terms of
said contract there was due from said defendant to the
plaintiff on account of said sums to be so paid quarterly in
advance the sum of one thousand four hundred dollars, and
claiming damage to the amount of one thousand nine hun-
dred and fifty dollars. On November 28, 1898, the defend-
ant craved oyer of the writing obligatory in the declaration
mentioned, and filed a general demurrer to the plaintiff's
declaration, in which demurrer the plaintiff joined. Sub-
sequently, the plaintiff was permitted to amend his declar-
ation by writing the following words therein: "And did
not surrender or offer to surrender the said lease to the
plaintiff for cancellation, but still holds and retains the
same." The court, having fully considered the demurrer
of the defendant to the declaration of the plaintiff, sus-
tained the same, and dismissed the plaintiff's action with

costs, and from this judgment the plaintiff obtained this writ of error.

It is claimed that the court erred in sustaining said demurrer and dismissing said action. By craving oyer of the obligation sued on, the same was made a part of the declaration ,and the question raised and presented for consideration by the demurrer is whether the agreement upon which this action is predicated contains any contract or promise, either express or implied, for the payment of money by the defendant to the plaintiff. Although the agreement contains the provision above quoted, yet that clause merely provides a means by which a forfeiture of the lease may be avoided. The agreement contains no contract or promise to pay anything whatever for the delay in the completion of a well, and yet the declaration claims that, by the terms of the contract, there is due from the defendant to the plaintiff on account of the sums to be paid quarterly in advance the sum of one thousand four hundred dollars. The question in this case is not whether the defendant has forfeited the lease, but whether it is pecuniarily liable to the plaintiff for failing to make certain payments to the plaintiff whereby such forfeiture could have been avoided. Counsel for the plaintiff relies on the case of *Roberts* v. *Bellman*, 45 W. Va. 143, (30 S. E. 95), but that case was materially different from this. There the leases sued on contained the following clause: "It is agreed that the party of the second part shall pay to the party of the first part one hundred dollars per month, in advance, until a well is completed, from the date of this lease, and a failure to complete such well or to pay said rental when due or within ten days thereafter shall render this lease null and void," etc. There was an express promise to pay one hundred dollars per month in advance until a well was completed, but in the agreement sued on in the case under consideration there was no such promise or contract. Counsel for plaintiff in error claims that the lease continued unless it had been surrendered by the defendant, but, even if that be true, it would work no benefit to the plaintiff in error, for the reason that there was no contract on the defendant's part to pay anything as rent or compensation for delay in commencing operations. In

the case of *Glasgow* v. *Gas Co.*, 152 Pa. St. 48, 25 Atl. 232
—an action of *assumpsit* to recover rent or royalties on an
oil lease,—the lease sued on contained this proviso:  "Pro-
vided, however, that this lease shall become null and void,
and all rights hereunder shall cease and determine, unless
a well shall be completed on the premises within one month
from the date hereof, or unless the lessee shall pay at the
rate of one hundred dollars monthly in advance for each
additional month."   It was held that the lease contained
no covenant on the part of the lessee to pay rent or develop
the land.   The only penalty imposed on him for failure to
operate the land or pay one hundred dollars per month for
delay was a forfeiture of his rights under the agreement.
The agreement in that case appears to have been almost
identical with that in the case we are considering.   The
construction placed upon said clause in the agreement, and
the conclusion reached by the Pennsylvania court as to the
consequences resulting from a failure to pay the one hun-
dred dollars monthly in advance, seem to be reasonable
and right, and they accord with my views on the proper
construction of the agreement declared on in the case at
bar.   In the absence of any contract or promise on the part
of the defendant to pay rent for failure to commence oper-
ations, I conclude that, under this agreement, the only con-
sequence that would result from such failure would be a
forfeiture of the lease, and that the court committed no er-
ror in sustaining the demurrer to the plaintiff's declara-
ion.

*Affirmed.*