## HEALDTON OIL & GAS CO. v. SMITH.

No. 9912—Opinion Filed Feb. 15, 1921.

(Syllabus by the Court.)

**Oil and Gas — Termination of Lease — Payment of Rentals on "Or Lease."**

Under an oil and gas lease known as an "or lease", the payment of rentals by the lessee according to the terms of the lease is not necessary to keep it alive from time to time, nor does failure to pay automatically terminate the contract. He may, however, terminate the lease at any time by exercising the right contained in the surrender clause and paying the rentals due, and where it is provided in the lease that rentals shall be paid in advance, the rentals become due at the expiration of the period within which a well shall be completed, and a surrender thereafter will not relieve the lessee from payment of said rentals then due.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Esther C. Smith against the Healdton Oil & Gas Company to recover rentals on oil lease. From a judgment for plaintiff, defendant brings error. Affirmed.

Womack & Brown, for plaintiff in error.

Anderson, Bond & Morris, for defendant in error.

NICHOLSON, J. This action was brought in the district court of Stephens county by the defendant in error, as plaintiff below, against the plaintiff in error, defendant below, to recover the sum of $200, alleged to be due as rentals under a certain oil and gas lease. The cause was tried on an agreed statement of facts and judgment rendered for the plaintiff below for the sum of $200.

The lease made the basis of this action contains the following provisions:

"The party of the second part agrees to complete a well on said premises within one year from the date hereof, or pay at the rate of $200.00 in advance for each additional twelve months such completion is delayed from the time above mentioned for the completion of such well until a well is completed; and it is agreed that the completion of such well shall be and operate as a full liquidation of all rents under this provision during the remainder of the term of the lease. The party of the second part shall not be bound by any change of the ownership in said land until duly notified of such change, either by notice in writing signed by the parties of the instrument of conveyance, or by receipt of the original instrument of conveyance, or duly certified copy. * * *

"The party of the second part, his heirs, successors or assigns shall have the right at any time, on payment of one dollar, to the party of the first part, his heirs or assigns, to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and terminate; provided, this surrender clause and the option therein reserved to the lessee shall cease and become absolutely inoperative immediately and concurrently with the institution of any

suit in any court of law or equity by the lessee to enforce this lease, or any of its terms, or to recover possession of the leased land, or any part thereof against or from the lessor, his heirs, executors, administrators or assigns, or any other person."

This is what is termed as an "or lease", and this court has held that under a lease containing the provisions above set out, even when containing the surrender clause, the payment of rentals by the lessee according to the terms of the lease is not necessary to keep it alive, nor does the failure to pay automatically terminate the contract, and when the lessee makes default in payment of rentals the lessor may waive the forfeiture clause and may sue and recover rentals according to the terms of the lease. Burress v. Diem, 23 Okla. 776, 101 Pac. 1116; Cohn v. Clark, 48 Okla. 500, 150 Pac. 467, L. R. A. 1916B, 686; Northwestern O. & G. Co. v. Branine et al., 71 Oklahoma, 175 Pac. 533.

The lease bears date of the 10th of August, 1915, and by its terms the plaintiff in error agreed to complete a well on the premises described within one year from that date or pay at the rate of $200, in advance, for each additional 12 months such completion was delayed from the time mentioned for the completion of such well. The year expired on August 10, 1916.

It is agreed that in the latter part of September, 1916, the plaintiff in error tendered to the duly authorized agent of the defendant in error the sum of $1 and a duly executed release of said lease, and that said tender was refused.

The surrender clause in the lease provided that the lessee "shall have a right at any time on payment of $1 to the party of the first part, his heirs or assigns to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and terminate." The lease provided that the sum of $200 should be paid in advance; therefore, the rental had accrued prior to the time it was sought to surrender the lease, and plaintiff in error was liable therefor, and could not escape this liability by surrendering said lease after the rentals had accrued.

Finding no error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.