## HARVEY et ux. v. BENMO OIL CO.

(District Court, E. D., Oklahoma.   April 11, 1921.)

No. 2711.

Mines and minerals ⊱79(6)—Equity will relieve against forfeiture of lease, for failure to pay rent in time, where rental check in registered letter was delayed in mails.

Equity will relieve against the forfeiture of an oil and gas lease for failure to pay the rental within the time specified to procure an extension of the time for drilling, where it appeared that the lessee in ample time mailed to the bank where the rent provided for in the lease as due and payable June 16, 1920; * * * that on June 7, 1920, it drew its check of five hundred dollars ($500) on the Union National Bank of cient to cover such rental, but the letter, which had been registered, was delayed in the mails and did not arrive until two days after the date specified for the payment, of which fact lessor had no knowledge until after the check was received.

In Equity.   Suit by Jarvis M. Harvey and wife against the Benmo Oil Company for the cancellation of an oil and gas lease.   Motion to strike a portion of defendant's answer overruled.

F. J. George, of Beggs, Okl., and Albertson & Blakemore, of Sapulpa, Okl., for plaintiffs.

Davidson & Williams, of Tulsa, Okl., for defendant.

WILLIAMS, District Judge.   The plaintiffs' bill seeks to have what is known as an "unless" oil and gas mining lease declared canceled on the ground that defendant had failed either to develop or pay the delay money as therein provided.   The defendant has interposed the following defense:

"That on the 5th day of June, 1920, this defendant wrote a letter to the American State Bank of Beggs, Okl., stating that it, the Benmo Oil Company, was inclosing its check of $500 in payment for the rental due Jarvis M. Harvey and his wife, Eva Harvey, June 16, 1920, being the rent provided for in the lease as due and payable June 16, 1920; * * * that on June 7, 1920, it drew its check of five hundred dollars ($500) on the Union National Bank of Tulsa, Oklahoma; that said check was made payable to said American State Bank of Beggs, Oklahoma, or said bank's order; that said check was signed by this defendant.   Defendant says that said check was placed in the letter above referred to; that said letter and said check were on said date, to wit, June 7, 1920, placed in an envelope; that said envelope was then sealed and addressed to said American State Bank at Beggs, Oklahoma; that said envelope contained in the upper left-hand corner the return address of this defendant; that this defendant then took said letter to the United Sates of America post office in the city of Tulsa, Tulsa county, Oklahoma, and placed on said letter all the postage necessary to insure the transportation of said letter by registered mail, from Tulsa, Tulsa county, Oklahoma, to the American State Bank at Beggs, Oklahoma; that thereafter, and on the 7th day of June, 1920, this defendant placed said letter with the post office authorities in said post office in the city of Tulsa, Tulsa county, Oklahoma, and requested that said letter be registered and be sent by registered mail to the addressee; that said letter was received by said postal authorities at said post office in the city of Tulsa, Tulsa county, Oklahoma, on the 7th day of June, 1920, and was registered by said postal authorities for transmission in due course of registered mail to the addressee.   Defendant says that said letter did not reach the addressee until June 18, 1920.   Defendant says it does not know why said letter was delayed in reaching the addressee, but that

⊱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

said delay was not due to any fault on the part of this defendant, and that this defendant did not know that said letter had not reached the addressee in due time until on or about the 22d day of June, 1920, when it was notified for the first time by said American State Bank that said letter and check had not reached it until June 18, 1920. Defendant says that at the time the check was drawn and sent, and at all other times subsequent, named and mentioned in this answer, this defendant had on deposit in the Union National Bank of Tulsa, Oklahoma, the sum of five hundred dollars ($500) with which to meet the payment of said check. Defendant says that the method which it took for the transmission of said rental was one of the methods usually and customarily resorted to in the state of Oklahoma for the transmission of payment of rent provided for in oil and gas mining leases. Defendant says it acted in good faith and with the intention of making the payment provided for in the lease and in accordance with the terms of the lease. It says it acted in said matter with due diligence and that it would be inequitable and unfair to permit the plaintiff to cancel and hold for naught said lease under all the facts and circumstances. Defendant further says it comes and tenders into court and to these plaintiffs the sum of five hundred dollars ($500) in payment of said rent. It says it has been ready, willing and able at any and all times to pay said rent, but that its offers to do so have been refused by the plaintiffs and each of them"

—and had paid a substantial consideration for the stipulated period for development, with the right of renewals or extensions by the payment of certain delay or rental money. Said defendant also tenders interest and costs. The lease contract provides:

"If no well be completed on said land on or before the 16th day of June, 1920, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the American State Bank at Beggs, Okl., or to its successors, which shall continue as the depository regardless of changes in the ownership of said land, the sum of $500, which shall operate as a rental and cover the privilege of deferring the commencement of a well for 12 months from said date."

In Frank Oil Co. v. Belleview Gas & Oil Co. et al., 29 Okl. 736, 119 Pac. 267, 43 L. R. A. (N. S.) 487, it is said:

"There is no question in this case as to the miscarriage of the check by mail, or the lessee being thereby prevented by an unavoidable casualty or misfortune from making such payment."

In Brunson et al. v. Carter Oil Co., 259 Fed. 656, this court held:

"A lessee in an 'unless' oil and gas lease, which paid a substantial consideration for an optional right of exploration, with right of renewal each year thereafter for five years, by paying a yearly rental in advance, and which paid the rental for the first renewal, and also for the second in due time, but through inadvertence and mistake made the second payment to the original lessor, as shown by its system of records upon which it relied for such purpose, although notified of the transfer of the land, when sued for cancellation of the lease *held* entitled to equitable relief under Rev. Laws Okl. 1910, § 2844, providing for relief against forfeiture or a loss in the nature of a forfeiture, occurring without gross negligence or fraud."

Since the Brunson Case was decided by this court, the Supreme Court of Oklahoma in Garfield Oil Co. v. Champlin et al., 78 Okl. 91, 189 Pac. 514, in distinguishing that case from the Brunson Case, said:

"In the case at bar the defendant did not act within the fixed option time, and no one received any money from it within that time."

In Eastern Oil Co. v. Smith et al. (Okl.) 195 Pac. 773, it is said:

"Defendant further relied upon the case of Brunson v. Carter Oil Co. (D. C.) 259 Fed. 656, * * *. In that case [the court] based his contention upon section 2844 and section 908, R. L. 1910, yet in that case the issue was raised by the pleadings, and mistake was pleaded. This court distinguished the facts in that case, in the case of Garfield Oil Co. v. Champlin, 78 Okl. 91, 189 Pac. 514, Justice Pitchford, who delivered the opinion of the court, held that under the facts in that case there was a difference between a mistake and negligence, and that the court never gave any relief on the grounds of negligence. * * * The facts in this case do not bring it within the rule announced in the case of Brunson v. Carter Oil Co., supra. The company failed to give any excuse for not making said payment although it had notice both at the Tulsa and Buffalo office, at least two weeks prior to the time the payment was due, that there was a controversy over its check, and it gives no reason or explanation of why it did not attend to the matter until March 27, 1919. Even if this court would follow * * * Brunson v. Carter Oil Co., the facts here do not bring it within the rule announced in that case."

In the case at bar, within the fixed option time the lessee showed itself "ready, desirous, prompt, and eager," and elected and bound itself, to comply with its contract by making its check payable to the proper party and properly mailing it to such party according to the custom and rules prevailing in the transaction of such business in ample and reasonable time for the money to be placed in the agreed depository to plaintiffs' credit. The Supreme Court of Oklahoma in following other courts has construed such an "unless" lease to be an option. Brunson v. Carter Oil Co., supra, and authorities therein cited. See also, Davis v. Riddle, 25 Colo. App. 162, 136 Pac. 551; Morton v. Drosten (Mo. App.) 185 S. W. 733; Hitson v. Gilman (Tex. Civ. App.) 220 S. W. 140; Hunter v. Gulf Production Co. (Tex. Civ. App.) 220 S. W. 163; Emde v. Johnson (Tex. Civ. App.) 214 S. W. 575; Guffey Petroleum Co. v. Oliver (Tex. Civ. App.) 79 S. W. 884; Hodges v. Brice, 32 Tex. Civ. App. 358, 74 S. W. 590; Oil Co. v. Teel (Tex. Civ. App.) 67 S. W. 545; Emery v. League, 31 Tex. Civ. App. 474, 72 S. W. 603. Courts in reaching such conclusion have usually taken into consideration the nature of the title to oil and gas in place, and its fugitive and migratory character. Ohio Oil Co. v. Indiana, 177 U. S. 190, 20 Sup. Ct. 576, 44 L. Ed. 729.

In the development of the oil business large sums of money are paid for such leases as have been held to be options. Courts of equity should reasonably take into consideration the nature of the business, and where equity justifies it relief should be awarded to avert injustice. No negligence is here disclosed, but, on the contrary, diligence is manifested. On account of an unavoidable casualty the defendant's delay money or rental was not placed to plaintiff's credit in the depository until June 18th, when it should have been there on June 16. Defendant would sustain a loss as to property rights in personam (Brunson v. Carter Oil Co., supra) in the nature of a forfeiture, unless the powers of equity intervene to prevent such injustice. In cases where judgments are taken by default against defendant on account of such unavoidable accident, misfortune, or casualty, such defendants being free from fault or negligence, the Supreme Court of Oklahoma has awarded relief.

McLaughlin et al. v. Nettleton, 25 Okl. 319, 105 Pac. 662; C., R. I. & P. Ry. Co. v. Eastham et al., 26 Okl. 605, 110 Pac. 887, 30 L. R. A. (N. S.) 740.

Plaintiff's motion to strike the portion of defendant's answer embodying the defense hereinbefore set out will be overruled.