Note.—See under (1) 26 C. J. p. 492 §691; 14 R. C. L. p. 1444. (2) 26 C. J. p. 488 §688; 14 R. C. L. 955; 3 R. C. L. Supp. p. 320; 5 R. C. L. Supp. p. 789. (3) 31 Cyc. p. 561. (4) 31 Cyc. pp. 255. 256; 21 R. C. L. p. 456. (5) 4 C. J. p. 853 §2834; p. 1130 §3122; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.

---

## OLDFIELD et al. v. GYPSY OIL & GAS CO. et al.

No. 16641—Opinion Filed May 11, 1926.

Rehearing Denied Feb. 22, 1927.

**1. Oil and Gas—Abandonment of "Unless" Lease as Question of Lessee's Intent.**

The abandonment of an "unless" oil and gas lease is a question of intent on the part of a lessee and his assigns, as governed by the law relating to the abandonment and forfeiture of such oil and gas leases.

**2. Same—Judgment Denying Forfeiture of Lease Sustained.**

Record examined; held, to be sufficient to support judgment for the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; Chas. C. Smith, Judge.

Action by James R. Oldfield et al against the Gypsy Oil & Gas Co. et al. to declare the forfeiture of an oil and gas lease. Judgment for defendants, and plaintiffs bring error. Affirmed.

W. K. Moore, C. W. King, and H. E. Oakes, for plaintiffs in error.

James B. Diggs, E. C. Mead, Wm. C. Liedtke, Redmond S. Cole, and C. L. Billings, for defendants in error.

Opinion by STEPHENSON, C. The Gypsy Oil Company, and the Waite Phillips Oil Company were the lessees and assigns of what is known as an "unless" form of oil and gas lease. The lease provided that if development was not commenced within a given time, the instrument should become null and void, unless a rental payment was made by the 19th day of January, 1924. Development was not commenced on the property, and the Gypsy Oil Company, on

the 28th day of December, 1923, forwarded a draft by registered letter, addressed to the Stillwater National Bank, which was the depository for the rental payment. The registered letter was delivered by the postal clerk to the First National Bank of Stillwater, which signed and returned the registered receipt. The Gypsy Oil Company did not discover the mistake until the First National Bank of Stillwater returned the proceeds from the draft to the lessee, after the 19th day of January. The owners of the land executed and delivered an oil and gas lease after January 19th, to the Alcorn Oil Company. The lessee, joined by the owners, commenced an action against the Gypsy Oil Company and Waite Phillips Company, to cause a forfeiture of the lease owned by the latter, for failure to pay the rental money to the owners on or before January 19th. The trial of the cause resulted in judgment for the defendants. The plaintiffs have perfected their appeal, and submit the proposition that the judgment is contrary to the facts and the law.

The "unless" form of lease has been construed by this court in several cases. The general law applicable thereto has been settled. The precise question as made by this appeal has not been considered heretofore by this court. It was said by this court in the case of Frank Oil Company v. Belleview Oil & Gas Co., 29 Okla. 719, 119 Pac. 260, that:

"An oil and gas lease giving the lessee the option to pay a certain sum and thus extend the lease, is operative against the lessor during such extension, only upon payment of such sums, the contract rights being correlative and mutual where the lessee had abandoned his lease by nonpayment of quarterly payments of rents or delay money, as stipulated therein, and such lease or contract having been declared forfeited by the lessor, the rights of the lessee thereby terminated.".

The same rule was applied in the case of Melton v. Cherokee Oil & Gas Co., 67 Okla. 247, 170 Pac. 691, in which the court said:

"An oil and gas lease containing a stipulation on the part of the lessee to commence operation on the premises within a year from a date certain, or pay for delay conferred on the lessee an option to drill or pay, and a failure to do either rendered the same forfeitable at the choice of the lessor."

The lessee in the Frank Case forwarded the renewal payment to the owner five days after the same was due, and two days after the owner had declared a forfeiture of the lease. This court held in the Frank Case, that the failure of the lessee to make the rental payment operated to forfeit the lease. The question involved in the Frank Case was the failure of the lessee to continue the lease by making the renewal payment on or before the date it was due. It was said by this court in the case of Eastern Oil Co. v. Smith, 80 Okla. 207, 195 Pac. 773:

"Under an 'unless lease,' the lessee of oil lands, so long as he pays the rentals in the manner provided, has an option to continue the lease in force, and it is subject to termination at his will, which privilege he may exercise by a failure to pay the stipulated rental, in which event the lease automatically terminates."

While the Frank Case and other cases, which follow the former case, apply the rules that failure to make the rental payment when due operates to abandon the lease, nevertheless, the matter of abandonment is a question of intent on the part of the lessee; the intent is a question of fact. The effect of the rule applied in the Frank Case is to make the act of default in payment conclusive of the intention of the lessee to abandon the lease. The effect of the rule is to deny the lessee the right to offer evidence to the end of excusing the default in making the renewal payment. The matter is none the less a question of fact because of the rules of law which operate to forfeit the lease for failure to make the renewal payment. After all, it is the establishment of the fact of default by the lessee which entitled the lessor to forfeiture, and denies the right to the lessee to offer evidence to excuse the failure to make the renewal payment.

The rule of law which accepts the default as expressive of intent to abandon the lease, and denies the lessee the right to excuse the default. leaves the lessee in the attitude of having expressed an intention to abandon the lease without opportunity to show the contrary. It follows that the owner is entitled to a judgment of forfeiture, where the lessee is in court in the attitude of having expressed an intention to abandon his claim to the oil and gas lease.

The case of Eastern Oil Co. v. Smith, supra, applies the rule that the "unless" form of lease is subject to termination at the will of the lessee, but as said in the Frank Case, the intention is expressed by failure to make the renewal payment on or before the date it is due. The instant case does not involve the question of the failure of the lessee to express an intention to continue the lease before the date that the rental was due. The fact of the intent of the lessee, in the instant case, to continue the lease, must be conceded from the act of the lessee in for-

warding draft addressed to the depository named in the lease some 15 days before it was due. The fact distinguishes the instant case from the Frank Case and the cases of this court following the Frank Case.

Justice Williams, who prepared the opinion for the court in the case of Frank Oil Co. v. Belleville Oil & Gas Co., supra, also decided the case of Brunson et al. v. Carter Oil Co., 259 Fed. 656. The Brunson Case involved facts similar to this instant case. The lessee in the latter case overlooked notice given him by a grantee of his lessor. to forward the renewal payment to the grantee, and forward payment to the lessor. The grantee undertook to cancel the lease of the Carter Oil Company, for the failure of the latter to cause renewal payment to be made to him within the time provided by the lease. The court refused to forfeit the lease in the case, and reaffirmed the rule in the case of Brunson et al. v. Carter Oil Co., 263 Fed. 935.

It was said by the court in the Brunson Case, that the defendant had showed itself "ready, desirous, prompt and eager," and acted within the fixed option of time. While the lessee inadvertently forwarded the renewal payment to his lessor, instead of the grantee of his lessor, it was no less an expressed intention to continue the life of the lease, than if the payment had been forwarded to the grantee of the lessor.

The learned justice, who prepared the opinion for the court in the Frank Case also decided the case of Harvey et ux. v. Benmo Oil Co., 272 Fed. 475. The lessee in the latter case registered renewal payment to the lessor on June 5th, which was due on or before June 16th. The draft was not received at the depository named in the lease until June 18th. The lessors undertook to cancel the lease for failure of the lessee to cause the renewal payment to be made on or before the date named in the lease. The court said:

"In the case at bar, within the fixed option time, the lessee showed itself 'ready' desirous, prompt and eager,' and elected and bound itself to comply with its contract by making its check payable to the proper party, and properly mailing it to such party according to the custom and rules prevailing in the transaction of such business, in ample and reasonable time for the money to be placed in the agreed depository to plaintiff's credit."

The court refused to cancel the lease, as it found that the lessee had expressed an intention to continue the life of the lease, and

to exercise its option to pay the renewal money on or before the date it was due.

The Gypsy Oil Company in the instant case forwarded draft addressed to the depository named in the lease, about 15 days before the payment was due. The postal clerk, through mistake, delivered the registered letter with draft, to the First National Bank of Stillwater. Through inadvertence, the latter bank received the letter and draft, which ought to have been delivered and received by the Stillwater National Bank of the same city. The miscarriage of the draft was not the fault of the lessee. The draft failed to reach the depository to which it was addressed, through an unavoidable casualty or misfortune, to which the lessee did not contribute, and for which it was not responsible in any way. The act of the lessee, in forwarding the draft addressed to the depository named in the lease 15 days before the payment was due, is no less the expression of a clear intention to continue the life of the lease than if the draft had been received by the depository named in the lease, and to which the draft was addressed. As the lessee made a clear. unequivocal expression of its election to exercise its option to continue the life of the lease before the date the renewal payment was due by forwarding draft to the proper depository, the contract must be construed in the light of the election exercised by the lessee.

The judgment of the trial court in denying the forfeiture of the lease is supported by the law and the fact.

The defendants in error question the sufficiency of the proceedings as lodged here to present the question argued by the plaintiffs in error, but as we have reached conclusions which support the judgment on its merits, these questions will not be examined.

By the Court: It is so ordered.