**HOLLAND et al. v. ANDERSON BROS. CORP.**

No. 4679.

United States Court of Appeals Tenth Circuit.

Oct. 28, 1953.

Robert W. Raynolds, Tulsa, Okl. (Mosely & Raynolds, Tulsa, Okl., on the brief), for appellants.

John H. Poe, Tulsa, Okl. (Jack L. Langford (of Poe, Murdock & Langford), Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Anderson Brothers Corporation [1], a Texas corporation, brought this action against H. T. Holland, Jr., and Holland Construction Company,[2] an Oklahoma corporation, seeking a declaratory judgment declaring that Anderson was the owner of certain personal property which it had leased with an option to purchase from Holland. From a judgment in favor of Anderson, Holland has appealed.

On October 10, 1951, Anderson and Holland entered into 21 equipment rental agreements covering various items of heavy construction equipment, which were identical, except for the description of the equipment and the monthly rental. The monthly rental under the agreements aggregated $15,530. The first monthly payment was to be made on the signing of the agreements. The agreements provided that Anderson should lease the equipment for a minimum period of six months and gave to Anderson the right to extend that period by continued possession of such equipment and the payment of the stipulated rentals. The agreements provided that the first "rental term shall begin 10–10–51, 2d pay-

1. Hereinafter called Anderson.

2. Hereinafter called Holland.

ment 12–10–51, and shall terminate when said equipment is accepted by said Lessor in writing F. O. B. as designated, * * *." At the time the agreements were entered into Anderson paid Holland $31,060, the aggregate amount of the rental for the first two months.

Under date of October 10, 1951, Holland wrote Anderson a letter giving him the option to purchase all the equipment described in the agreements for a total consideration of $155,300, less rental payments made before the exercise of the option. The letter in part read:

"This option will be for duration of lease agreement or any extensions thereof and the price will be the price as shown less previous rentals paid per lease agreements on each item bearing above date."

Anderson paid the aggregate amount of the monthly rentals under the agreements for each month from December, 1951, to and including June, 1952, by checks mailed to Holland on dates previous to the tenth day of each month.

A check dated July 2, 1952, for $15,530, drawn on the Second National Bank of Houston, Texas, was mailed to Holland by Anderson and was received and deposited by Holland in the First National Bank & Trust Company of Tulsa, Oklahoma, on July 8, 1952. Attached to such check was a voucher which stated "This check in payment of final recap." The accepted meaning of that statement in the trade is "recapturing previous rental payments, along with the property which we are purchasing." The check was returned to Holland by the Tulsa bank on July 11, 1952, with a notation thereon, "Insufficient Funds." At the time the check was presented to the Houston bank for payment, Anderson had on deposit sufficient funds to cover the check, and the notation of "Insufficient Funds" was made on the check by one of the employees of the Houston bank through mistake.

On July 14, 1952, Holland, by telegram, requested Anderson to return all the equipment covered by the rental agreements. After Anderson learned that the check had been erroneously returned by the Houston bank for insufficient funds, it notified Holland of the bank error and requested that the check be sent through for payment, and also advised Holland that it desired to exercise its option to purchase.

On July 23, 1952, the Houston bank wrote a letter to Holland in which it stated that at the time the check was presented to the Houston bank, Anderson had ample funds to cover all checks presented to the Houston bank for payment and that the check was dishonored through no fault of Anderson, but through a mistake of the bank.

Holland refused to again send the check through for payment as requested and continued its demand for return of the equipment and would not have accepted payment in cash of the amount of such check.

Anderson tendered the balance due on the option agreement by depositing a cashier's check for $15,530 with the clerk of the court.

The balance due on the purchase agreement, after crediting previous rental payments, was the amount of the monthly rental for the period July 10 to August 10, 1952.

The lease agreements made no provision for payment of monthly rentals in advance, and expressly provided the second payment should be due "12–10–51," the end of the second month.

Neither the lease agreements nor the option to purchase contained a forfeiture provision, a provision waiving demand for rent, or a provision making time of the essence thereof.

15 O.S.A. § 174 provides:

"Time is never considered as of the essence of a contract, unless by its terms expressly so provided."

# 832

Absent a provision waiving demand for payment of rent, a lease may not be forfeited for nonpayment of rental until a demand has been made for payment thereof.[3] It follows that the leases were not terminated for nonpayment of the rental for the period July 10 to August 10, 1952, and under the express terms of the option agreement it was to continue for the duration of the lease agreements or any extensions thereof.

Moreover, if the leases had been subject to forfeiture for nonpayment of the rental for the period July 10 to August 10, 1952, under the facts here presented, Anderson would have been entitled to equitable relief from the forfeiture.

23 O.S.A. § 2 provides:

"Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful or fraudulent breach of duty."

Equity will ordinarily relieve a lessee from forfeiture for nonpayment of rent at the time it is due,[4] especially where, as here, the lessee in good faith undertakes to pay the rent and his failure so to do is caused by the mistake of an independent agency not under his supervision or control.[5]

Accordingly, we conclude that the option to purchase was not terminated, but continued in full force and effect, and that the judgment awarding the equipment to Anderson was proper.

Affirmed.

**3.** R. T. Stuart & Co. v. Graham, 117 Okl. 117, 245 P. 608, 610; Welch v. Church, 55 Okl. 600, 155 P. 620, 623; Wutke v. Yolton, Tex.Civ.App., 71 S.W.2d 549, 551.

**4.** Rader v. Prather, 100 Fla. 591, 130 So. 15, 16, 17; Red Oaks v. Dorez, Inc., 118 N.J.Eq. 198, 178 A. 554, 556; Edwards-Pickering Co. v. Rodes, 203 Ky. 95, 261 S.W. 884, 885; Sheets v. Selden, 7 Wall.

416, 421, 422, 74 U.S. 416, 421, 422, 19 L.Ed. 166.

**5.** Brazell v. Soucek, 130 Okl. 204, 266 P. 442; Oldfield v. Gypsy Oil & Gas Co., 123 Okl. 293, 253 P. 298; Gloyd v. Midwest Refining Co., 10 Cir., 62 F.2d 483, 486. See, also, Phillips Petroleum Co. v. Curtis, 10 Cir., 182 F.2d 122, 127.